1  RUFUS-ISAACS ACLAND & GRANTHAM LLP
   ALEXANDER RUFUS-ISAACS, State Bar No. 135747
2    *aisaacs@rufuslaw.com*
   PAUL SUPNIK, State Bar No. 52842
3    *psupnik@rufuslaw.com*
   232 N. Canon Drive
4  Beverly Hills, California 90210
   Telephone: (310) 274-3803
5  Facsimile: (310) 860-2430

6  Attorneys for Plaintiff DANELLE
   SANDOVAL

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| DANELLE SANDOVAL, an individual | CASE No. 2:18-cv-867 |
|---|---|
| Plaintiff, | **COMPLAINT FOR** |
| v. | **1. DIRECT COPYRIGHT INFRINGEMENT** |
| BURAK YETER, an individual; CONNECTION RECORDS, a foreign business entity; WARNER MUSIC GROUP CORPORATION, a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC. a Delaware general partnership; DANCE PARADISE UK LIMITED, a foreign corporation; and DOES 1-10, inclusive Defendants. | **2. CONTRIBUTORY COPYRIGHT INFRINGEMENT** |
| | **3. VICARIOUS COPYRIGHT INFRINGEMENT** |
| | **DEMAND FOR JURY TRIAL** |

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 – Fax (310) 860-2430

21      Plaintiff Danelle Sandoval ("Sandoval") complains of defendants Burak Yeter

22  ("Yeter"), Connection Records, Warner Music Group Corporation ("WMG"), Sony

23  Music Entertainment, Inc. ("Sony Music"), Dance Paradise UK Limited, and Does 1

24  through 10, and alleges as follows:

25              **NATURE OF THE CASE**

26      1.      Sandoval is a Los Angeles-based musician. Yeter is an international

27  music producer. In 2014, Sandoval made an audio-visual recording of herself

28  singing and playing a cover version of a song called "Tuesday,", ("Sandoval

8627.3.1

Recording") and posted it on her YouTube channel. Yeter became aware of the Sandoval Recording shortly thereafter.

2.     In or about February 2015, while he was in Los Angeles, Yeter ripped the vocal track off the Sandoval Recording and placed his own backing tracks underneath it to create a new recording ("Yeter Recording"). On February 7, 2015, he contacted Sandoval out of the blue and sent her the Yeter Recording. She subsequently agreed that he could post it on SoundCloud, a non-commercial streaming website, as long as he credited her name, which he did. But she did not give him permission to exploit it commercially.

3.     The Yeter Recording was released by defendants under the name *Tuesday (Featuring Danelle Sandoval)* ("Infringing Work"). It was one of the top recordings in Europe in 2016-2017, with reportedly more than 1.3 billion million streams on YouTube, Spotify and Apple Music, 27 Platinum Awards, a Number 1 hit over 70 countries on iTunes and Shazam. Currently, the song is increasingly broadcast, streamed and downloaded across the USA. Yeter and the record companies named in this complaint are profiting handsomely from this hit, but they have paid Sandoval nothing. She is entitled to damages and injunctive relief for this literal rip off.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. Sections 1331 and 1338(a) because it arises under the United States Copyright Act.

5.     Venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district and because WMG and Sony Music may be found in this District; or, in the alternative, pursuant to 28 U.S.C. Section 1391(b)(3) there is no district in which this action may otherwise be

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA, 90210
Tel (310) 274-3803 – Fax (310) 860-2430

1  brought, and Defendants are subject to the court's personal jurisdiction with respect
2  to such action.

3        6.     This Court has personal jurisdiction over Defendants because the
4  following facts show purposeful availment by Defendants toward California through
5  their contacts with the jurisdiction; because they committed acts of infringement
6  within the United States; because they committed wrongful intentional acts
7  expressly aimed at Sandoval in California; and because they knew or should have
8  known that Sandoval was likely to suffer harm in California. In particular, but
9  without limitation, Yeter frequently travels to Los Angeles, and has a recording
10  studio in Los Angeles, when he made the Yeter Recording. He has made at least 3
11  other trips to Los Angeles in connection with its promotion and marketing.

## PARTIES

13        7.     Sandoval is a singer and musician who has at all material times been a
14  resident of Los Angeles County, California.

15        8.     Defendant Burak Yeter is a music producer and performer based in The
16  Netherlands.

17        9.     On information and belief, defendant Connection Records is an
18  unincorporated entity founded and owned by Yeter, whose purpose is to distribute
19  and exploit Yeter's music, including the Infringing Work, and with offices in Stille
20  Steeg Oost 8, 3823 ZL Amersfoort, The Netherlands.

21        10.    Defendant Warner Music Group Corporation ("WMG") is a Delaware
22  corporation with its principal place of business at 1633 Broadway, New York, NY
23  10019, and with offices in Los Angeles County at 3400 W Olive Ave, Burbank, CA
24  91505.

25        11.    Defendant Sony Music Entertainment, Inc. ("Sony Music") is a
26  Delaware general partnership with its principal place of business in the State of New
27  York, and with offices in Los Angeles County at 9830 Wilshire Blvd, Beverly Hills,
28  CA 90212.

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA, 90210
Tel (310) 274-3803 ~ Fax (310) 860-2430

8627.3.1

3

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA, 90210
Tel (310) 274-3803 – Fax (310) 860-2430

12.   On information and belief, Defendant Dance Paradise UK Ltd ("Dance Paradise") is a U.K. affiliate of WMG with its principal place of business in Northwood, London, United Kingdom.  Upon information and belief, Dance Paradise is owned by WMG.

13.   On information and belief, Dance Paradise and WMG, themselves and through their foreign affiliates, are responsible for coordinating, among other things, the distribution, marketing, promotion, and exploitation, of the Infringing Work throughout the world except in the so-called Commonwealth of Independent States ("CIS"), which comprise the territories of the former Soviet Union.

14.   On information and belief, Sony Music, itself and through its foreign affiliates, is responsible for coordinating, among other things, the distribution, marketing, promotion, and exploitation of the Infringing Work throughout the CIS territories.

15.   Sandoval is unaware of the true names and capacities of defendants named herein as Does 1 through 10, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein.  Sandoval therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.  (Collectively, Yeter, Connection Records, WMG, Sony Music, Dance Paradise, and Does 1 through 10 will be referred to herein as "Defendants".)

## GENERAL ALLEGATIONS

16.   On or about December 8, 2014, Sandoval made an audio-visual recording of her solo acoustic guitar and vocal performance of a song entitled "Tuesday" ("Sandoval Recording") which embodied the composition of the same name by Ousala Aleem, Aubrey Graham, Makonnen Sheran, Sonny Uwaezuoke, and Leland Wayne. She subsequently posted it on her YouTube channel.  Sandoval

1   had, prior to such publication, duly obtained a music publishing license for the so-

2   called "cover" recording permitting her to post the work on YouTube.

3       17.    Yeter became aware of the Sandoval Recording shortly thereafter. In or

4   about February 2015, while he was in Los Angeles, Yeter used software designed

5   for such purpose to rip the vocal track (featuring Sandoval's voice) out of the

6   Sandoval Recording. He then added a dance track to create a new recording ("Yeter

7   Recording") which is derivative of the Sandoval Recording without Sandoval's

8   knowledge or consent. A substantial portion of the Yeter Recording consists of

9   Sandoval's vocals on the Sandoval Recording, which provide the hook that gives it a

10   unique identity, raising it above the ocean of generic dance music tracks in the

11   marketplace. Yeter initially posted the Yeter Recording on SoundCloud, a non-

12   commercial platform used by musicians to share their work with a view to

13   collaborating with other musicians.

14       18.    On February 7, 2015, Yeter contacted Sandoval out of the blue by

15   sending her a Facebook message attaching the Yeter Recording. In their subsequent

16   correspondence, Sandoval told Yeter that she did not object to him posting that

17   recording on SoundCloud, which she knew to be a non-commercial platform, so

18   long as he gave her a credit. She never agreed to let him use her vocals for

19   commercial exploitation.

20       19.    In both their initial communications and subsequently, Yeter tried to

21   persuade Sandoval to work with him to record her singing a new version of

22   *Tuesday*, presumably because the vocal track he had ripped off the Sandoval

23   Recording was not of professional quality. She was initially willing to discuss doing

24   so, but when he insisted that they proceed without a proper contract and was slow in

25   crediting her by name on Soundcloud (it took him about 6 weeks), she changed her

26   mind, and she never recorded a new version with him. Rather than working with

27   another singer and making a new studio quality version of the Yeter Recording

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel  (310) 274-3803  –  Fax (310) 860-2430

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA, 90210
Tel (310) 274-3803 – Fax (310) 860-2430

1    without Sandoval, Yeter chose to use her voice. That fact alone demonstrates the

2    unique qualities of Sandoval's voice and its importance to the Yeter Recording.

3         20.     In July 2016, Defendants released the Yeter Recording entitled

4    "*Tuesday – Ft. Danelle Sandoval*" ("the Infringing Work") as a music video on

5    YouTube. It contains Sandoval's vocals from the Sandoval Recording, which is

6    looped seven times, and is a derivative work thereof. Thereafter, Defendants

7    published the Infringing Work on iTunes and Spotify, and subsequently on other

8    platforms such as Apple Music, Deezer and many others, all without Sandoval's

9    permission. It was one of the top recordings in Europe in 2016-2017, currently with

10    reportedly more than 1.3 billion streams on YouTube, Spotify and Apple Music, 27

11    Platinum Awards, and a Number 1 hit over 70 countries on iTunes and Shazam, and

12    it has been publicly performed by Yeter. Currently, the song is increasingly

13    broadcast, streamed and downloaded across the USA. On information and belief, it

14    is by far and away Yeter's most famous and lucrative recording.

15         21.     On or about January 5, 2017, Sandoval filed an application for a sound

16    recording copyright registration for the Sandoval Recording with the US Copyright

17    Office, which is currently pending registration.

18         22.     By counsel's letter to Yeter dated February 2, 2017, Sandoval asserted

19    an ownership interest in the Infringing Work and demanded compensation.

20                ***Sony Music, WMG and Dance Paradise's Promotion, and Facilitation of***

21                                 ***the Infringing Work***

22         23.     On April 19, 2016, defendant Connection Records entered into an

23    agreement with Sony Music Entertainment – Russia, a subsidiary of defendant Sony

24    Music, for the commercial exploitation of the Infringing Work in the CIS territories,

25    including Russia.  They never obtained Sandoval's permission for such licensing of

26    the Sandoval Recording, nor has any other Defendant.

27         24.     Between May 4, 2016 and January 11, 2017, defendant Connection

28    Records entered into a series of agreements with defendant Dance Paradise, an

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA, 90210
Tel (310) 274-3803 ~ Fax (310) 860-2430

1  affiliate or subsidiary of defendant WMG, for the commercial exploitation of the

2  Infringing Work in the rest of the world (i.e. other than the CIS territories). Again,

3  Defendants never obtained a license from Sandoval to use her sound recording

4  copyright in any way other than on SoundCloud.

5       25.     On information and belief, Defendants Yeter and Connection Records

6  were paid advances totaling €68,750 (approximately $82,600) from defendants

7  Dance Paradise, WMG and Sony Music for distribution rights in the Infringing

8  Work.

9       26.     On information and belief, gross revenues from the Infringing Work to

10  date have exceeded $1 Million.  Defendants have paid Sandoval nothing.

11      27.     Since contracting with defendant Connection Records, defendants Sony

12  Music, WMG and Dance Paradise have sponsored and promoted the career of

13  defendant Yeter and the business of Connection Records, which would have been

14  insignificant without their capitalization of the highly successful Infringing Work.

15      28.     The Infringing Work has been mentioned regularly online, in social

16  media, on radio and in reviews as one of the top songs of 2016-2017 in Europe and

17  elsewhere.

18      29.     On information and belief, the Defendants have profited substantially

19  from their unauthorized commercial exploitation of the Infringing Work.

20      30.     On information and belief, at all relevant times, the Defendants knew

21  that the Infringing Work infringed upon the Sandoval Recording's copyright, but

22  nevertheless continued to sponsor, promote, and facilitate defendant Yeter and

23  Connection Records' unlawful exploitation of the Infringing Work.

## **FIRST CLAIM FOR RELIEF**

### **(Copyright Infringement)**

26      31.     Sandoval repeats and realleges all the allegations contained in

27  paragraphs 1 through 30, inclusive, as though set forth herein in full.

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 — Fax (310) 860-2430

32.     Sandoval owns a valid sound recording copyright in the Sandoval Recording.

33.     The Infringing Work is an unauthorized derivative work of the Sandoval Recording, and to the extent that it was only authorized for non-commercial usage, Defendants' commercial distribution, public performance and exploitation of it infringes upon its copyright.

34.     Defendants have actively promoted, advertised, and facilitated the commercial exploitation of the Infringing Work.

35.     On information and belief, Defendants have profited substantially from the licensing and commercial exploitation, including but not limited to streaming, of the Infringing Work.

36.     The aforementioned acts of Defendants constitute infringement of Sandoval's copyright in the Sandoval Recording.

37.     As a result of Defendants' infringement, Sandoval has suffered damages, and will continue to suffer damages, in an amount that has yet to be determined.

38.     As a result of its infringement, Defendants have received profits, advantages, and benefits, in amounts that have yet to be determined.

39.     Future infringement by Defendants will cause Sandoval irreparable harm.

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement)

40.     Sandoval repeats and realleges all the allegations contained in paragraphs 1 through 39, inclusive, as though set forth herein in full.

41.     On information and belief, at no point did Defendants, or any of them, attempt to stop or mitigate Yeter and Connection Records' infringement of the Infringing Work.

42.     Defendants, with knowledge of the infringing activity of Yeter and Connection Records, therefore enabled, induced, caused, and/or contributed to Yeter and Connection Records' copyright infringement.

43.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Sandoval has been, and will continue to be, damaged.

44.     Defendants therefore, in addition, or in the alternative, to its liability for direct infringement of Sandoval's work, are liable for contributory infringement.

45.     As a result of Defendants' contributory infringement, Sandoval has suffered damages, and will continue to suffer damages, in an amount that has yet to be determined.

46.     As a result of its contributory infringement, Defendants have received profits, advantages, and benefits, in amounts that have yet to be determined.

47.     Future contributory infringement by Defendants will cause Sandoval irreparable harm.

### THIRD CLAIM FOR RELIEF

### (Vicarious Copyright Infringement)

48.     Sandoval repeats and realleges all the allegations contained in paragraphs 1 through 47, inclusive, as though set forth herein in full.

49.     On information and belief, during all relevant times, Defendants have participated extensively in the planning, promotion, and/or execution of the commercial exploitation of the Infringing Work.

50.     Defendants therefore, in addition, or in the alternative, to their liability for direct and/or contributory infringement of Sandoval's work, are liable for vicarious infringement.

51.     As a result of Defendants' vicarious infringement, Sandoval has suffered damages, and will continue to suffer damages, in an amount that has yet to be determined.

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA, 90210
Tel (310) 274-3803 • Fax (310) 860-2430

52.     As a result of its vicarious infringement, Defendants have received profits, advantages, and benefits, in amounts that have yet to be determined.

53.     Future vicarious infringement by Defendants will cause Sandoval irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Sandoval prays for relief as follows:

1.     For actual damages according to proof;

2.     For Defendants' profits and gains according to proof;

3.     For temporary, preliminary, and permanent injunctive relief, restraining and enjoining Defendants, their agents and all persons acting in concert with it from promoting, distributing, performing, or facilitating the unauthorized commercial exploitation of the Sandoval Recording.

4.     For all other damages authorized by the Copyright Act to accomplish its remedial as well as its deterrent objectives;

5.     For costs of suit; and

6.     For such further relief as the Court deems just and proper.


DATED: February 2, 2018         RUFUS-ISAACS ACLAND & GRANTHAM LLP


By: _____
        Alexander Rufus-Isaacs
        Attorneys for Plaintiff DANELLE
        SANDOVAL

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA, 90210
Tel (310) 274-3803 ~ Fax (310) 860-2430

# **DEMAND FOR JURY TRIAL**

Plaintiff Danelle Sandoval hereby demands trial by jury on all issues triable by a jury.

DATED: February 2, 2018

RUFUS-ISAACS ACLAND &
GRANTHAM LLP

By: _____

Alexander Rufus-Isaacs
Attorneys for Plaintiff DANELLE
SANDOVAL

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA, 90210
Tel (310) 274-3803 ~ Fax (310) 860-2430

8627.3.1

COMPLAINT FOR COPYRIGHT INFRINGEMENT