JOHN M. GATTI (State Bar No. 138492)
E-mail: jgatti@manatt.com
KATRINA DELA CRUZ (State Bar No. 293398)
E-mail: kdelacruz@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Tel.: (310) 312-4000; Fax: (310) 312-4224

*Attorneys for Defendant*
WARNER MUSIC GROUP CORPORATION

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELLE SANDOVAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BURAK YETER, an individual; CONNECTION RECORDS, a foreign business entity; WARNER MUSIC GROUP CORPORATION, a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC. a Delaware general partnership; DANCE PARADISE UK LIMITED, a foreign corporation; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:18-cv-00867 CBM(JPRx)<br><br>Honorable Consuelo B. Marshall<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  **GENERAL**

    1.1  Purposes and Limitations

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter

the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2 Good Cause Statement

This action is likely to involve trade secrets, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties). This information may also specifically include, without limitation, private financial information contained in royalty statements, internal accounting records, and proprietary promotional, marketing, and distribution plans. This information is otherwise generally unavailable to the public, or may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

[PROPOSED] STIPULATED PROTECTIVE
ORDER

1 information is justified in this matter. It is the intent of the parties that information
2 will not be designated as confidential for tactical reasons and that nothing be so
3 designated without a good faith belief that it has been maintained in a confidential,
4 non-public manner, and there is good cause why it should not be part of the public
5 record of this case.

6 2. **DEFINITIONS**

7     2.1   Action: *Sandoval v. Yeter et al.*, Case No. 2:18-cv-00867-CBM (JPRx).

8     2.2   Challenging Party: A Party or Non-Party that challenges the designation
9 of information or items under this Order.

10     2.3   "CONFIDENTIAL" Information or Items: Information (regardless of
11 how it is generated, stored or maintained) or tangible things that qualify for protection
12 under Federal Rule of Civil Procedure 26(c).

13     2.4   Counsel: Outside Counsel of Record and House Counsel (as well as
14 their support staff).

15     2.5   Designating Party: A Party or Non-Party that designates information or
16 items that it produces in disclosures or in responses to discovery as
17 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

18     2.6   Disclosure or Discovery Material: All items or information, regardless
19 of the medium or manner in which it is generated, stored, or maintained (including,
20 among other things, testimony, transcripts, and tangible things), that are produced or
21 generated in disclosures or responses to discovery in this matter.

22     2.7   Expert: A person with specialized knowledge or experience in a matter
23 pertinent to the litigation who has been retained by a Party or its counsel to serve as
24 an expert witness or as a consultant in this Action.

25     2.8   "HIGHLY CONFIDENTIAL" Information or Items: Information
26 (regardless of how it is generated, stored or maintained) or tangible things that
27 qualify for protection under Federal Rule of Civil Procedure 26(c), and the
28 Disclosure of which the Designating Party believes in good faith would create a

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

[PROPOSED] STIPULATED PROTECTIVE
ORDER

substantial risk of serious financial, competitive, or other injury that cannot be avoided by less restrictive means. To minimize the risk of an inadvertent disclosure of such documents, the Parties agree that the ability to designate documents as HIGHLY CONFIDENTIAL is appropriate in this case.

2.9 <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff. Outside Counsel of Record also includes, without limitation, Greenberg Glusker Fields Claman & Machtinger LLP, Plaintiff's former counsel.

2.12 <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

[PROPOSED] STIPULATED PROTECTIVE
ORDER

3.    **SCOPE**

3.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

3.2    However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.3    Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5                    [PROPOSED] STIPULATED PROTECTIVE
                            ORDER

## 5. **DESIGNATING PROTECTED MATERIAL**

    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter, the "CONFIDENTIAL legend"), to each page that contains protected material. If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other discovery-related proceedings, the Producing Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. However, each transcript of testimony shall be considered Protected Material under this Order for thirty (30) days after receipt of the transcript by the Producing Party to permit the Producing Party to review the transcript and designate any information disclosed therein as Protected Material. Thereafter, the transcript will no longer be deemed Protected Material for purposes of this Order, except to the extent so designated when the testimony was given or in a written notice transmitted to all parties within such period of thirty (30) days. Where any portion of a transcript is designated as Protected Material, the Designating Party shall, where practicable, inform the reporter precisely which portions of the transcript should be marked accordingly.

(c)    for information produced in some form other than documentary

[PROPOSED] STIPULATED PROTECTIVE ORDER

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that all inadvertently disclosed information is subsequently treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq. The Challenging Party must provide written notice of each designation it is challenging and describe the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order as well as Rule 37. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

[PROPOSED] STIPULATED PROTECTIVE
ORDER

A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and Rule 37.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time consistent with the Court's scheduling order if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and Rule 37.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] STIPULATED PROTECTIVE
ORDER

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

[PROPOSED] STIPULATED PROTECTIVE
ORDER

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     House Counsel of the Receiving Party or any employee of the Receiving Party to whom disclosure is reasonably necessary for this Action; provided however, "HIGHLY CONFIDENTIAL" Information or Items designated by a Defendant shall not be made available to House Counsel or any employee of any other Defendant without express written permission from the Designating Party;

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

[PROPOSED] STIPULATED PROTECTIVE
ORDER

1           (c)     Experts (as defined in this Order) of the Receiving Party to

2 whom disclosure is reasonably necessary for this litigation and who have signed the

3 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4           (d)     The Court and its personnel;

5           (e)     Court reporters and their staff, professional jury or trial

6 consultants, mock jurors, and Professional Vendors to whom disclosure is

7 reasonably necessary for this litigation;

8           (f)     Any deposition, trial, or hearing witness in the Action who

9 previously has had access to the "HIGHLY CONFIDENTIAL" Information or

10 Items, or who is currently an officer, director, partner, member, employee, or agent

11 of an entity that has access to the "HIGHLY CONFIDENTIAL" Information or

12 Items. To the extent a party believes that a witness who did not previously have

13 access to such Information or Items should nevertheless be shown such Information

14 or Items at a deposition or at trial, then the Designating Party shall consider in good

15 faith whether the designation may be changed to a "CONFIDENTIAL" designation

16 for that limited purpose and upon the witness's written confirmation that he/she will

17 be bound by the Protective Order.  Nothing herein shall be construed as requiring

18 Designating Parties to agree to provide access or to prevent the Receiving Party

19 from seeking relief from the Court to allow for the limited access described above;

20           (g)     The author or recipient of a document containing the

21 information or a custodian or other person who otherwise possessed or knew the

22 information; and

23           (h)     Any mediator or settlement officer, and their supporting

24 personnel, mutually agreed upon by any of the Parties engaged in settlement

25 discussions or appointed by the Court.

26 8.    **PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED**

27 **PRODUCED IN OTHER LITIGATION**

28     If a Party is served with a subpoena or a court order issued in other litigation

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

12

[PROPOSED] STIPULATED PROTECTIVE
ORDER

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

13

[PROPOSED] STIPULATED PROTECTIVE
ORDER

1  to produce a Non-Party's confidential information in its possession, and the Party is

2  subject to an agreement with the Non-Party not to produce the Non-Party's

3  confidential information, then the Party shall:

4          (1)    promptly notify in writing the Requesting Party and the

5  Non-Party that some or all of the information requested is subject to a confidentiality

6  agreement with a Non-Party;

7          (2)    promptly provide the Non-Party with a copy of the

8  Stipulated Protective Order in this Action, the relevant discovery request(s), and a

9  reasonably specific description of the information requested; and

10         (3)    make the information requested available for inspection by

11  the Non-Party, if requested.

12         (c)    If the Non-Party fails to seek a protective order from this Court

13  within 14 days of receiving the notice and accompanying information, the Receiving

14  Party may produce the Non-Party's confidential information responsive to the

15  discovery request.  If the Non-Party timely seeks a protective order, the Receiving

16  Party shall not produce any information in its possession or control that is subject to

17  the confidentiality agreement with the Non-Party before a determination by the

18  Court. Absent a court order to the contrary, the Non-Party shall bear the burden and

19  expense of seeking protection in this Court of its Protected Material.

20  10.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

21      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22  Protected Material to any person or in any circumstance not authorized under this

23  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

24  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

25  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

26  persons to whom unauthorized disclosures were made of all the terms of this Order,

27  and (d) request such person or persons to execute the "Acknowledgment and

28  Agreement to Be Bound" that is attached hereto as Exhibit A.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

14                    [PROPOSED] STIPULATED PROTECTIVE
                                        ORDER

## 11.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 12.  **MISCELLANEOUS**

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13.  **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15

[PROPOSED] STIPULATED PROTECTIVE
ORDER

capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    **VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

16                    [PROPOSED] STIPULATED PROTECTIVE
ORDER

Dated: June 28, 2018

MANATT, PHELPS & PHILLIPS, LLP
John M. Gatti

By: /s/
_____
John M. Gatti
*Attorneys for Defendant*
WARNER MUSIC GROUP
CORPORATION

Dated: June 28, 2018

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
Alexander Rufus-Isaacs

By: /s/
_____
Alexander Rufus-Isaacs
*Attorneys for Plaintiff*
DANELLE SANDOVAL

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: March 7, 2019

_____

Honorable Jean P. Rosenbluth
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE
ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Sandoval v. Yeter et al.*, Case No. 2:18-cv-00867-CBM (JPRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

18          [PROPOSED] STIPULATED PROTECTIVE
ORDER

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 232 N. Canon Drive, Beverly Hills, California 90210.

On February 19, 2019, I served true copies of the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

John M. Gatti          E-mail: jgatti@manatt.com
Katrina Dela Cruz      E-mail: Kdelacruz@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064
1614
Attorneys for Defendant Warner Music Group Corporation, Burak Yeter, Connection Records, and Dance Paradise UK Limited

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed on February 19, 2019, at Beverly Hills, California.

/s/

Alexander Rufus-Isaacs