1  RUFUS-ISAACS ACLAND & GRANTHAM LLP
   ALEXANDER RUFUS-ISAACS, State Bar No. 135747
2    *aisaacs@rufuslaw.com*
   PAUL SUPNIK, State Bar No. 52842
3    *psupnik@rufuslaw.com*
   232 N. Canon Drive
4  Beverly Hills, California 90210
   Telephone: (310) 274-3803
5  Facsimile: (310) 860-2430

6  Attorneys for Plaintiff DANELLE
   SANDOVAL

7

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 DANELLE SANDOVAL, an individual    CASE No. CV 18-00867-CBM (JPRx)
                                      **DISCOVERY MATTER:**
12              Plaintiff,            **PLAINTIFFS' NOTICE OF**
                                      **MOTION AND MOTION TO**
13         v.                         **COMPEL FURTHER RESPONSES**
                                      **AND PRODUCTION OF**
14 BURAK YETER, an individual;        **DOCUMENTS, AND FOR**
   CONNECTION RECORDS, a foreign      **SANCTIONS**
15 corporation; WARNER MUSIC
   GROUP CORPORATION, a Delaware      Date:    August 1, 2019
16 corporation; SONY MUSIC            Time:    10:00 am
   ENTERTAINMENT, INC., a Delaware    Crtrm.: Courtroom 690, 6th Floor
17 general partnership; DANCE                  Royal Federal Building and
   PARADISE UK LIMITED, a foreign              United States Courthouse, 255
18 corporation; and DOES 1-10, inclusive       E. Temple St., Los Angeles, CA,
                                               90012
19              Defendants.           Magistrate Judge: Honorable Jean P.
                                      Rosenbluth
20

21      TO DEFENDANTS BURAK YETER, CONNECTION RECORDS,

22 WARNER MUSIC GROUP CORPORATION, AND DANCE PARADISE UK

23 LIMITED, AND THEIR ATTORNEYS OF RECORD:

24      PLEASE TAKE NOTICE THAT ON August 1, 2019, at 10:00 am or as soon

25 thereafter as the matter may be heard in the above-entitled Court located at Royal

26 Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles,

27 CA, 90012, Courtroom 690, 6th Floor, plaintiff Danelle Sandoval will and hereby

28 does move this Court for an order compelling defendants Burak Yeter, Connection

*(left margin vertical text)* RUFUS-ISAACS ACLAND & GRANTHAM LLP   232 N. CANON DRIVE   BEVERLY HILLS, CALIFORNIA 90210   Tel (310) 274-3803 • Fax (310) 860-2430

8627.3.19

1   Records, Warner Music Group Corporation, and Dance Paradise UK Limited

2   (collectively, "Defendants") to (a) provide verified further responses to her first set

3   of Requests for Production without objections, (b) provide a privilege log listing all

4   documents that Defendants have withheld based on claims of privilege, and (c)

5   produce all responsive documents in their possession, custody or control. In

6   addition, Sandoval moves for an order that Defendants pay to her counsel the sum of

7   $12,679 as the reasonable costs and attorney fees incurred in connection with this

8   motion.

9       This motion is made on the grounds that Defendants' responses contain

10  meritless objections and are ambiguous, that Defendants have failed to produce all

11  responsive documents, and that Defendants have acted without justification.

12      <u>Meet and Confer Discussions</u>. The parties have met and conferred, as set forth

13  in more detail in Section II below. Most recently, Sandoval sent Defendants a letter

14  dated June 17, 2019, inviting them to attend an in-person conference pursuant to

15  Local Rule 37.1, and made 2 additional requests by email. Defendants have not

16  meaningfully responded. As a result, Sandoval was unable to prepare a joint

17  stipulation to accompany this motion.

18      This motion will be based on this Notice, the Memorandum of Points and

19  Authorities, the declaration of Alexander Rufus-Isaacs, the request for production of

20  documents and responses, and the other exhibits which are filed herewith.

21

22  DATED: July 3, 2019                RUFUS-ISAACS ACLAND &
                                       GRANTHAM LLP
23

24

25                           By:  _____

26                                Alexander Rufus-Isaacs
                                  Attorneys for Plaintiff DANELLE
27                                SANDOVAL

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8627.3.19

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1

## **TABLE OF CONTENTS**

2
**Page**

3

4 I. INTRODUCTION ........................................................................ 1

5 II. PROCEDURAL SUMMARY RE REQUESTS FOR PRODUCTION ........... 2

6 III. THE COURT SHOULD ORDER DEFENDANTS TO PROVIDE
FURTHER RESPONSES AND PRODUCE ALL RESPONSIVE

7 DOCUMENTS ............................................................................ 3

8 A. Request For Production No. 1 ....................................... 3

9 B. Request For Production No. 2 ....................................... 7

10 C. Request For Production No. 3 ....................................... 8

11 D. Request For Production No. 4 ....................................... 9

12 E. Request For Production No. 5 ....................................... 9

13 F. Request For Production No. 6 ..................................... 10

14 G. Request For Production No. 7 ..................................... 10

15 H. Request For Production No. 8 ..................................... 11

16 I. Request For Production No. 9 ..................................... 11

17 J. Request For Production No. 10 ................................... 12

18 K. Request For Production No. 11 ................................... 13

19 L. Request For Production No. 12 ................................... 13

20 M. Request For Production No. 13 ................................... 14

21 N. Request For Production No. 15 ................................... 14

22 O. Request For Production No. 16 ................................... 14

23 P. Request For Production No. 17 ................................... 15

24 Q. Request For Production No. 18 ................................... 15

25 R. Request For Production No. 19 ................................... 16

26 S. Request For Production No. 20 ................................... 16

27 T. Request For Production No. 21 ................................... 17

28 U. Request For Production No. 22 ................................... 17

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8627.3.19

i

V.      Request For Production No. 23.............................................................18

W.      Request For Production No. 24.............................................................18

X.      Request For Production No. 25.............................................................19

Y.      Request For Production No. 26.............................................................20

Z.      Request For Production No. 28.............................................................21

IV.   THE COURT SHOULD AWARD SANCTIONS IN THE AMOUNT
      OF $12,679 AGAINST DEFENDANTS. ..............................................21

V.    CONCLUSION. .............................................................................................22

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8627.3.19

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>FEDERAL CASES</u>

*Aikens v. Deluxe Fin'l Services, Inc*. (D. KS 2003) 217 F.R.D. 533, 539..................5

*Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487-88 (9th Cir.1995) .....................22

*H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co*. (6th Cir. 1976) 536
   F2d 1115, 1124-1125 ..................................................................21

*Ramirez v. County of Los Angeles* (CD CA 2005) 231 F.R.D. 407, 410 ..................6

## <u>RULES</u>

F.R.C.P. 26(b)(5); ......................................................................6

F.R.C.P. 34(a)(1), ......................................................................6

F.R.C.P. 34(b)(2)(B)] ...................................................................4

F.R.E. Rule 1001 .......................................................................3

FRCP 26, (b) ...........................................................................22

FRCP 34(b)(2)(C); .......................................................................5

FRCP 37(a)(5); ........................................................................21

Local Rule 37.1........................................................................3

## <u>TREATISES</u>

Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial, §11:1913............................7

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       Plaintiff Danelle Sandoval ("Sandoval") is a Los Angeles-based singer and

4   musician. Defendant Burak Yeter ("Yeter") is a Turkish music producer. Prior to

5   February 2015, they did not know each other. In 2014, Sandoval made an audio-

6   visual recording of herself singing and playing a cover version of a song called

7   "Tuesday," ("Sandoval Recording") and posted it on her YouTube channel.

8       While in Los Angeles in or about February 2015, Yeter ripped the vocal track

9   off the Sandoval Recording and placed his own backing tracks underneath it to

10  create a new recording ("Yeter Recording"). On February 7, 2015, he contacted

11  Sandoval and sent her the Yeter Recording. He asked if he could post it on

12  SoundCloud, a non-commercial streaming website. She agreed if he credited her

13  name, which he did. She never gave him permission to exploit it commercially.

14      The Yeter Recording was released in 2016 by Defendants[1] as *Tuesday

15  (Featuring Danelle Sandoval)* ("Infringing Work"). It was one of the top recordings

16  in Europe in 2016-2018, with reportedly more than 1.3 billion million streams on

17  YouTube, Spotify and Apple Music, 27 Platinum Awards, a Number 1 hit over 70

18  countries on iTunes and Shazam. Defendants are profiting handsomely from this hit,

19  but they have paid Sandoval nothing.

20      On February 2, 2018, Sandoval filed this lawsuit seeking to recover, inter alia,

21  damages representing her share of the revenues from the Infringing Work. The basic

22  facts are undisputed. Consequently, this is essentially an accounting action.

23  _____

24  [1] Defendant Connection Records is controlled by Yeter. It contracted to release the
    Infringing Work with defendant Dance Paradise UK Limited ("DPUK"), a London-

25  based entity run by Andre Riazanski, a Russian. It is believed that DPUK in turn
    contracted with Warner Music Russia (an affiliate of defendant Warner Music

26  Group Corporation, which has handled worldwide distribution) and Sony Music

27  Entertainment Russia.

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 · Fax (310) 860-2430

## II.    PROCEDURAL SUMMARY RE REQUESTS FOR PRODUCTION

During discovery, Sandoval has sought documents and information about Defendants' commercial exploitation of the master recording of the Infringing Work ("Master Recording"), including revenues, in order to determine the amount of damages to which she is entitled. They provided some information and produced some documents, but with substantial omissions.

On January 15,[2] Sandoval propounded a set of 28 requests for production of documents ("Requests") (Exh. 1) and a set of 26 interrogatories on Defendants. Their responses were initially due by February 12, but Sandoval's counsel granted several extensions. First he agreed to extend the deadline for both sets of responses to March 1. Next, he agreed to extend it to March 8. Defendants' counsel then requested a further extension to March 22 and represented to Sandoval's counsel that he would receive good faith responses by that date. Based on that representation, he agreed. (Rufus-Isaacs Declaration ("ARI Decl."), ¶3; Exh. 2).

On March 22, Defendants served their responses ("Responses") in which they agreed to produce a wide range of documents. (Exh. 3). In fact, they only produced two: a 5-page list of compilations on which the Master Recording allegedly appeared (DEF001-005) and a 3,033 page spreadsheet, which purports to show digital revenues earned by the Master Recording in Europe in the 2nd half of 2018 (DEF006-3039). (ARI Decl., ¶4.) No documents were produced in numerous categories where the Response stated that documents would be produced. These were not the good faith responses that had been promised.

On April 17, Sandoval's counsel sent Defendants' counsel a meet and confer letter (Exh. 4). On April 23, Defendants produced a further 1,800 pages of documents (DEF3040-4841), all of which had previously been produced voluntarily.

---

[2] All dates are in 2019, unless otherwise indicated.

Rufus-Isaacs Acland & Grantham LLP
232 N. Canon Drive
Beverly Hills, California 90210
Tel (310) 274-3803 · Fax (310) 860-2430

Sandoval compiled a list of those documents ("Produced Documents List" - (ARI Decl., ¶6; Exh. 5), which shows that Defendants produced no documents in response to several of the Requests, and only a few documents in response to others.

No supplemental responses were provided. (ARI Decl., ¶7.) Therefore, none of the deficiencies identified in the April 17th letter have been remedied.

On June 17, Sandoval's counsel sent Defendants' counsel a letter identifying the issues in dispute and requesting a date for an in-person meeting to seek to resolve those issues, as required by Local Rule 37.1. (Exh. 6). Defendants' counsel requested a telephone conversation which took place on June 18. Some of the issues in the June 17 letter were discussed, but most were not. (Exh. 7). (ARI Decl., ¶9.)

Sandoval's counsel sent Defendants' counsel follow-up emails on June 21 and June 26, asking for dates for an in-person meeting, and warning that a motion to compel would be filed if no dates were provided. (Exh. 8). Defendants' counsel did not respond. (ARI Decl., ¶10.)

## III.   THE COURT SHOULD ORDER DEFENDANTS TO PROVIDE FURTHER RESPONSES AND PRODUCE ALL RESPONSIVE DOCUMENTS

### A.   Request For Production No. 1.

#### 1.   The Request.

This Request asked for documents (including, without limitation, statements and other accounting documents, and any summary pages) relating to all gross revenues generated by the Master Recording.[3]

---

[3] The Requests contain the following definitions: "The term "document(s)" herein means the original (if available, or if not, a legible copy) of a writing, as defined in F.R.E. Rule 1001, and includes any handwriting, printing, photographs, electronically stored information, and every other means of recording letters, words, pictures, sounds, or symbols, or combinations thereof, which are in the possession, custody or control of the responding parties or their attorneys, accountants, or (footnote continued)

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel  (310) 274-3803  •  Fax (310) 860-2430

## 2. The Response.

Defendants responded: "In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Interrogatory on the grounds that it (i) seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive information, the disclosure of which would damage or harm Defendants, their clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks information which is neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not  limited in time and scope."

Without waiving those objections, Defendants agreed to produce "non-privileged responsive documents in their possession, custody or control, to the extent any exist and have not yet been previously produced to Sandoval, subject to the provisions of an applicable protective order."

## 3. Further Response Is Required.

### (a) Responses Lack Specificity.

For each item or category, a response must state that inspection will be permitted as requested or <u>state with specificity the grounds for objecting to the request, including the reasons</u>. [F.R.C.P. 34(b)(2)(B)]. The April 17 letter pointed out that the response fails to comply with this rule, and stated, "If you are genuinely

_____

agents; the term "<u>relating to</u>" herein means referring to, alluding to, responding to, concerning, connected with, supporting, relevant to, commenting on, reflecting, in respect of, about, regarding, discussing, showing, describing, mentioning, analyzing, disclosing, evidencing, and/or constituting; and the term "<u>Master Recording</u>" herein means all versions of Yeter's recording of the song entitled Tuesday, featuring Danelle (aka Danella) Sandoval, including music videos thereof." (Emphasis added)

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1  uncertain about the terms that you claim are vague and ambiguous, please explain

2  why. [¶] Please provide a supplemental response without any of these objections, or

3  if you maintain that any of them have merit, please state with specificity the grounds

4  for each such one." Defendants did not respond. (ARI Decl., ¶5.)

5       None of the boilerplate objections have any merit.[4]

6                    **(b)    Defined Terms Are Not Ambiguous.**

7       "Master Recording" is a defined term (see footnote 3 above). It is not vague,

8  ambiguous or overbroad. Nor have Defendants attempted to explain why it is.

9                    **(c)    Protective Order Overrides Privacy Concerns.**

10      The parties stipulated to a Protective Order which was entered by the Court

11 on March 7. Because this enables Defendants to produce documents marked

12 Confidential, thereby restricting their use, their privacy objection has no merit.

13                   **(d)    Irrelevance Objection Is Absurd.**

14      The irrelevance objection is particularly inappropriate. This Request goes to

15 the very heart of the dispute, i.e., how much money did the Master Recording make?

16                   **(e)    Request Is Not Overbroad.**

17      The request is not overbroad as to time - the Infringing Work was first

18 released in 2016, which means that the relevant period is only three years.

19 Defendants do not explain why they believe it is overly burdensome.

20                   **(f)    Privileged Documents Are Not Identified.**

21      As to the Defendants' claim of privilege, parties withholding documents as

22 privileged should identify and describe the documents in sufficient detail to enable

23 the demanding party "to assess the applicability of the privilege or protection."

24 _____

25 [4] Even if, arguendo, one of these objections did apply to a document, Defendants

26 should have identified the document being withheld and produce the others. [FRCP
   34(b)(2)(C); see *Aikens v. Deluxe Fin'l Services, Inc.* (D. KS 2003) 217 F.R.D. 533,

27 539—responding party still has duty to respond to extent request not objectionable.]

28

[F.R.C.P. 26(b)(5); *Ramirez v. County of Los Angeles* (CD CA 2005) 231 F.R.D. 407, 410—failure to provide sufficient information may constitute waiver of privilege]. The April 17 and June 17 letters both ask Defendants to identify what documents, if any, have been withheld, and, if any were withheld on privilege grounds, to provide a privilege log. Defendants did not respond or provide a log.

### (g)    "To The Extent Any Exist" Creates Ambiguity.

The inclusion of the term "to the extent any exist" makes the response ambiguous because it is makes it impossible to determine from the Response whether any responsive documents do actually exist.

### (h)    Previously Produced Documents Are Produced Again.

The next term "and have not yet been previously produced to Sandoval" has no legal basis - just because a document has previously been produced does not relieve Defendants from the obligation to produce it again during discovery. In any event, Defendants did produce all previously produced documents on April 23.

### 4.    Additional Documents Must be Produced.

A party is obliged to produce all specified relevant and nonprivileged documents or other things that are in his or her "possession, custody, or control." [F.R.C.P. 34(a)(1), (b)(2)(B)]. The Produced Documents List lists all of the produced documents, and for those documents which purport to show revenues generated by the Master Recording in a particular period, it shows the amount of those revenues in Euros (excluding revenues shown on statements provided by Sony Music). These revenues total €261,110 (roughly US$295,000), but in their response to Interrogatory No. 1, Defendants state that the Master Recording has generated revenues amounting to US$2,876,696 (excluding revenues generated by Sony Music). (ARI Decl., ¶¶6, 11.) Defendants presumably arrived at this total based on some underlying data. This means that <u>Defendants must have documents containing data showing revenues of over US$2.5 million which have not been produced</u>.

Sandoval seeks an order that Defendants produce responsive documents in

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 · Fax (310) 860-2430

1   their collective possession, custody, or control, including, without limitation, the
2   documents they used to calculate the total of US$2,876,696.

3       **B.      Request For Production No. 2.**

4           **1.      The Request.**

5   All documents (including, not limited to, agreements, statements and other
6   accounting documents) relating to <u>synchronization rights</u> (including but not limited
7   to, TV, Film, DVD, Internet & Commercials) for the Master Recording.

8           **2.      The Response.**

9       The response makes objections that are almost identical to those made in the
10  response to Request no. 1, and then states that "upon information and belief,
11  Defendants are unaware of the existence of any such responsive documents."

12          **3.      Further Response Is Required.**

13      This is not an acceptable response because (a) the objections are meritless for
14  the reasons stated above with respect to Request No. 1, and (b) it does not state (i)
15  that a diligent search and reasonable inquiry has been made in an effort to locate the
16  item requested; and (ii) the reason the party is unable to comply: e.g., the document
17  never existed; has been lost or stolen; was inadvertently destroyed; or is not in the
18  possession, custody, or control of the responding party. [Rutter Group Prac. Guide:
19  Fed. Civ. Pro. Before Trial, §11:1913.]  The April 17th letter asked Defendants to
20  provide a further response which contains statements meeting these requirements,
21  but they failed to do so. Moreover, <u>based on Defendants' supplemental response to</u>
22  <u>Interrogatory no. 9 (see below), this response stating that Defendants are unaware of</u>
23  <u>the existence of such documents is inaccurate</u>.

24          **4.      Additional Documents Must be Produced.**

25      Defendants supplemental response to Interrogatory no. 9 states that the total
26  amount of gross revenues generated by the Master Recording from synchronization
27  uses is $9,674.25. (ARI Decl., ¶12.) Defendants presumably arrived at that number
28  based on some underlying revenue data. This means that <u>Defendants must have</u>

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel (310) 274-3803  •  Fax (310) 860-2430

1  documents containing data showing those revenues which have not been produced.

2

3   **C.    Request For Production No. 3.**

4        **1.    The Request.**

5        All documents (including, without limitation, agreements, statements and

6  other accounting documents) relating to the use of the Master Recording on

7  compilations.

8        **2.    The Response.**

9        The response is almost the same as the response to Request no. 1.

10       **3.    Further Response Is Required.**

11       The objections are meritless, and the response ambiguous, for the same

12 reasons stated with respect to Request No. 1 above. Moreover, the Request seeks

13 production of "All documents..." but the Response does not state whether "all"

14 responsive documents have been produced.

15       **4.    Additional Documents Must be Produced.**

16       The only document produced by Defendants which expressly relates to

17 compilations is a 5 page list showing the title, format and territory of certain

18 compilations. No other documents have been provided. (ARI Decl., ¶13.)

19       Defendants must have other responsive documents in their collective

20 possession, custody, or control, such as agreements or memoranda showing the

21 proportion of revenues generated by the compilations attributed to the Master

22 Recording, and accounting statements and summaries showing the actual revenues

23 generated and the actual amount paid to Defendants for the Master Recording. This

24 is evidenced by Defendants supplemental response to Interrogatory no. 10, which

25 states that the total amount of gross revenue generated by the master recording from

26 compilations is $76,966, and their supplemental response to Interrogatory no. 18,

27 which states that approximately 199,589 units were sold where the Master

28 Recording was featured as a track on a compilation. (ARI Decl., ¶¶14, 16.)

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1  Defendants presumably arrived at these numbers based on some underlying revenue

2  data. This means that <u>Defendants must have documents showing those revenues</u>

3  <u>which have not been produced</u>.

4  **D.**   **Request For Production No. 4.**

5       **1.**   **The Request.**

6       All documents (including, without limitation, agreements, statements and

7  other accounting documents) relating to <u>the use of the Master Recording for</u>

8  <u>YouTube or digital services (including, but not limited to, downloads & streaming)</u>.

9       **2.**   **The Response.**

10      The response is almost the same as the response to Request no. 1.

11      **3.**   **Further Response Is Required.**

12      The objections are meritless, and the response ambiguous, for the same

13  reasons stated with respect to Request Nos. 1 and 3 above.

14      **4.**   **Additional Documents Must be Produced.**

15      The documents on the Produced Documents List show only a small fraction

16  of the revenues. For example, there are no documents showing revenues generated

17  outside Europe. (ARI Decl., ¶6.)

18  **E.**   **Request For Production No. 5.**

19      **1.**   **The Request.**

20      Documents (including, without limitation, all statements and other accounting

21  documents) showing the <u>gross revenues generated by the Master Recording from</u>

22  <u>performing rights organizations ("PRO's") and other collection bodies</u>.

23      **2.**   **The Response.**

24      The response is almost the same as the response to Request no. 1.

25      **3.**   **Further Response Is Required.**

26      The objections are meritless, and the response ambiguous, for the same

27  reasons stated with respect to Request Nos. 1 and 3 above.

28      **4.**   **Additional Documents Must be Produced.**

8627.3.19

9

1    The Produced Documents List shows that Defendants have produced
2    documents showing only a small fraction of the revenues. Defendants must have
3    received revenues relating to the Master Recording from PRO's, and therefore must
4    have other responsive documents in their collective possession, custody, or control.

5    **F.    Request For Production No. 6.**

6        **1.    The Request.**

7    All documents (including, without limitation, agreements, communications,
8    and statements and other accounting documents) relating to <u>agreements relating to</u>
9    <u>the Master Recording</u>.

10        **2.    The Response.**

11    The response is almost the same as the response to Request no. 1.

12        **3.    Further Response Is Required.**

13    The objections are meritless, and the response ambiguous, for the same
14    reasons stated with respect to Request Nos. 1 and 3 above.

15        **4.    Additional Documents Must be Produced.**

16    The Produced Documents List shows that Defendants have produced only 6
17    agreements (Exh. 5 - on lines 28-33). Other agreements must exist. For example,
18    where are the agreements between DPUK and Warner Music Russia or any of the
19    Warner Music entities? And there must be communications and statements relating
20    to all of these agreements (both those that were produced and those that were not).

21    **G.    Request For Production No. 7.**

22        **1.    The Request.**

23    All documents (including, without limitation, agreements, communications,
24    and statements and other accounting documents) relating to <u>agreements relating to</u>
25    <u>the Master Recording in which any of the Adverse Parties[5] is named as a party</u> to

26    _____

27    [5] The term "Adverse Parties" is defined as meaning "WMG, Connection, DPUK,
28    (footnote continued)

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel  (310) 274-3803  •  Fax (310) 860-2430

Rufus-Isaacs Acland &
Grantham LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel  (310) 274-3803  •  Fax (310) 860-2430

1  that agreement.

2          **2.      The Response.**

3          The response is almost the same as the response to Request no. 1.

4          **3.      Further Response Is Required.**

5          The objections are meritless, and the response ambiguous, for the same

6  reasons stated with respect to Request Nos. 1 and 3 above.

7          **4.      Additional Documents Must be Produced.**

8          The production is deficient for the same reasons set forth with respect to

9  Request no. 6 above.

10     **H.      Request For Production No. 8.**

11          **1.      The Request.**

12          All documents (including, without limitation, communications, and

13  statements and other accounting documents) relating to the <u>Exclusive Licensing</u>

14  <u>Agreement dated March 25, 2016 between Connection and DPUK</u>.

15          **2.      The Response.**

16          The response is almost the same as the response to Request no. 1.

17          **3.      Further Response Is Required.**

18          The objections are meritless, and the response ambiguous, for the same

19  reasons stated with respect to Request Nos. 1 and 3 above.

20          **4.      Additional Documents Must be Produced.**

21          The agreement itself has been produced, but nothing else. Other responsive

22  documents, such as communications and statements relating to the agreement, must

23  exist, but have not been produced.

24     **I.      Request For Production No. 9.**

25  _____

26

27  SBA Production, LLC, Warner Music Russia, and their subsidiaries or affiliates, and
    Yeter.)"

28

### 1. The Request.

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the <u>Exclusive Licensing Agreement dated May 4, 2016 between Connection and DPUK</u>.

### 2. The Response.

The response is almost the same as the response to Request no. 1.

### 3. Further Response Is Required.

The objections are meritless, and the response ambiguous, for the same reasons stated with respect to Request Nos. 1 and 3 above.

### 4. Additional Documents Must be Produced.

The agreement itself has been produced, but nothing else. Other responsive documents, such as communications and statements relating to the agreement, must exist, but have not been produced.

## J.   Request For Production No. 10.

### 1. The Request.

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the <u>Exclusive Licensing Agreement dated June 4, 2016 between Connection and DPUK</u>.

### 2. The Response.

The response is almost the same as the response to Request no. 1.

### 3. Further Response Is Required.

The objections are meritless, and the response ambiguous, for the same reasons stated with respect to Request Nos. 1 and 3 above.

### 4. Additional Documents Must be Produced.

The agreement itself has been produced, but nothing else. Other responsive documents, such as communications and statements relating to the agreement, must exist, but have not been produced.

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 · Fax (310) 860-2430

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

### K.     Request For Production No. 11.

#### 1.     The Request.

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the <u>Exclusive Licensing Agreement dated June 20, 2016 between Connection and DPUK</u>.

#### 2.     The Response.

The response is almost the same as the response to Request no. 1.

#### 3.     Further Response Is Required.

The objections are meritless, and the response ambiguous, for the same reasons stated with respect to Request Nos. 1 and 3 above.

#### 4.     Additional Documents Must be Produced.

The agreement itself has been produced, but nothing else. Other responsive documents, such as communications and statements relating to the agreement, must exist, but have not been produced.

### L.     Request For Production No. 12.

#### 1.     The Request.

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated January 11, 2017 between <u>Connection and DPUK</u>.

#### 2.     The Response.

The response is almost the same as the response to Request no. 1.

#### 3.     Further Response Is Required.

The objections are meritless, and the response ambiguous, for the same reasons stated with respect to Request Nos. 1 and 3 above.

#### 4.     Additional Documents Must be Produced.

The agreement itself has been produced, but nothing else. Other responsive documents, such as communications and statements relating to the agreement, must exist, but have not been produced.

**M.   Request For Production No. 13.**

    **1.   The Request.**

All documents relating to any <u>communications relating to the Master Recording passing between any of the Defendants</u>.

    **2.   The Response.**

The response is almost the same as the response to Request no. 1.

    **3.   Further Response Is Required.**

The objections are meritless, and the response ambiguous, for the same reasons stated with respect to Request Nos. 1 and 3 above.

    **4.   Documents Must be Produced.**

Such communications must have taken place, but no responsive documents have been produced.

**N.   Request For Production No. 15.**

    **1.   The Request.**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing <u>between Yeter and any other person relating to the Master Recording</u>.

    **2.   The Response.**

The response is almost the same as the response to Request no. 1, save that it consists solely of objections, and does not agree to produce any documents.

    **3.   Further Response Is Required.**

The objections are meritless for the same reasons stated with respect to Request No. 1 above.

    **4.   Documents Must be Produced.**

Responsive documents must be produced.

**O.   Request For Production No. 16.**

    **1.   The Request.**

1    All documents (including, without limitation, agreements, communications,

2    and statements and other accounting documents) passing <u>between Connection and</u>

3    <u>any other person relating to the Master Recording</u>.

4            **2.      The Response.**

5    The response is almost the same as the response to Request no. 1, save that it

6    consists solely of objections, and does not agree to produce any documents.

7            **3.      Further Response Is Required.**

8    The objections are meritless for the same reasons stated with respect to

9    Request No. 1 above.

10           **4.      Documents Must be Produced.**

11   Responsive documents must be produced.

12   **P.      Request For Production No. 17.**

13           **1.      The Request.**

14   All documents (including, without limitation, agreements, communications,

15   and statements and other accounting documents) passing <u>between DPUK and any</u>

16   <u>other person relating to the Master Recording</u>.

17           **2.      The Response.**

18   The response is almost the same as the response to Request no. 1, save that it

19   consists solely of objections, and does not agree to produce any documents.

20           **3.      Further Response Is Required.**

21   The objections are meritless for the same reasons stated with respect to

22   Request No. 1 above.

23           **4.      Documents Must be Produced.**

24   Responsive documents must be produced.

25   **Q.      Request For Production No. 18.**

26           **1.      The Request.**

27   All documents (including, without limitation, agreements, communications,

28   and statements and other accounting documents) passing <u>between WMG and any</u>

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8627.3.19

15

1  other person relating to the Master Recording.

2              2.       The Response.

3         The response is almost the same as the response to Request no. 1, save that it

4  consists solely of objections, and does not agree to produce any documents.

5

6              3.       Further Response Is Required.

7         The objections are meritless for the same reasons stated with respect to

8  Request No. 1 above.

9              4.       Documents Must be Produced.

10        Responsive documents must be produced.

11     R.       **Request For Production No. 19.**

12             1.       The Request.

13        All documents (including, without limitation, agreements, communications,

14  and statements and other accounting documents) passing between Warner Music

15  Russia  and any other person relating to the Master Recording.

16             2.       The Response.

17        The response is almost the same as the response to Request no. 1, save that it

18  consists solely of objections, and does not agree to produce any documents.

19             3.       Further Response Is Required.

20        The objections are meritless for the same reasons stated with respect to

21  Request No. 1 above.

22             4.       Documents Must be Produced.

23        Responsive documents must be produced.

24     S.       **Request For Production No. 20.**

25             1.       The Request.

26        All documents (including, without limitation, agreements, communications,

27  and statements and other accounting documents) passing between SBA Production

28  LLC  and any other person relating to the Master Recording.

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA  90210
Tel (310) 274-3803  •  Fax (310) 860-2430

**2.     The Response.**

The response is almost the same as the response to Request no. 1, save that it consists solely of objections, and does not agree to produce any documents.

**3.     Further Response Is Required.**

The objections are meritless for the same reasons stated with respect to Request No. 1 above.

**4.     Documents Must be Produced.**

Responsive documents must be produced.

**T.     Request For Production No. 21.**

**1.     The Request.**

All documents relating to the Master Recording <u>distributed internally within WMG</u>.

**2.     The Response.**

The response is almost the same as the response to Request no. 1, save that it consists solely of objections, and does not agree to produce any documents.

**3.     Further Response Is Required.**

The objections are meritless for the same reasons stated with respect to Request No. 1 above.

**4.     Documents Must be Produced.**

Responsive documents must be produced.

**U.     Request For Production No. 22.**

**1.     The Request.**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing <u>the total number of times that the Master Recording has been streamed</u>.

**2.     The Response.**

The response is almost the same as the response to Request no. 1.

**3.     Further Response Is Required.**

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1   The objections are meritless, and the response ambiguous, for the same

2   reasons stated with respect to Request Nos. 1 and 3 above.

3       **4.**    **Additional Documents Must be Produced.**

4   The Produced Documents List shows that Defendants have produced

5   documents showing only a small fraction of the revenues from streaming. For

6   example, they have produced no documents showing revenues generated by

7   streaming outside Europe. [6]

8   **V.**    **Request For Production No. 23.**

9       **1.**    **The Request.**

10   Documents (including, without limitation, statements and other accounting

11   documents, and any summary pages) showing the <u>total number of times that the</u>

12   <u>Master Recording has been downloaded</u>.

13       **2.**    **The Response.**

14   The response is almost the same as the response to Request no. 1.

15       **3.**    **Further Response Is Required.**

16   The objections are meritless, and the response ambiguous, for the same

17   reasons stated with respect to Request Nos. 1 and 3 above.

18       **4.**    **Additional Documents Must be Produced.**

19   The Produced Documents List shows that Defendants have produced

20   documents showing only a small fraction of the revenues from downloading.[7] For

21   example, they have produced no documents showing revenues generated by

22   downloading outside Europe.

23   **W.**    **Request For Production No. 24.**

24   _____

25   [6] In January 2018, Yeter stated that the Infringing Work had been streamed 1.3 <u>billion</u> times. (ARI Decl., ¶15.)

26

27   [7] Defendants' supplemental response to Interrogatory 17 states that the Master Recording has been downloaded 662,573 times. (ARI Decl., ¶16.)

28

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1.     **The Request.**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing <u>the total number of physical units embodying the Master Recording</u> that have been sold or distributed.

2.     **The Response.**

The response is almost the same as the response to Request no. 1.

3.     **Further Response Is Required.**

The objections are meritless, and the response ambiguous, for the same reasons stated with respect to Request Nos. 1 and 3 above.

4.     **Additional Documents Must be Produced.**

Defendants have produced no documents showing revenues from sales of physical units. In their supplemental response to Interrogatory No. 1, Defendants state that the Master Recording has generated revenues amount to US$2,876,696 (excluding revenues generated by Sony Music). And in their supplemental response to Interrogatory No. 12, Defendants state that the Master Recording has generated revenues amount to US$2,715,195.31 from all digital services (excluding Sony Music revenues). Some portion of the difference between the two totals ($161,500.70) must be derived from sales of physical units, and documents must exist which contain the data based on which these totals were calculated.

X.     <u>Request For Production No. 25.</u>

1.     **The Request.**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing <u>the total number of compilations which include the Master Recording</u> that have been sold or distributed.

2.     **The Response.**

The response is almost the same as the response to Request no. 1.

3.     **Further Response Is Required.**

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1    The objections are meritless, and the response ambiguous, for the same

2    reasons stated with respect to Request Nos. 1 and 3 above.

3                    **4.      Additional Documents Must be Produced.**

4           The Produced Documents List shows that Defendants have produced

5    documents showing only a small fraction of the total revenues stated by Defendants

6    in their supplemental response to Interrogatory No. 1. Some part of those

7    undocumented revenues must have come from compilations. Defendants'

8    supplemental response to Interrogatory no. 10 states that the total amount of gross

9    revenue generated by the master recording from compilations is $76,966, and their

10   supplemental response to Interrogatory no. 18 states that approximately 199,589

11   units were sold where the Master Recording was featured as a track on a

12   compilation.(ARI Decl., ¶17.) Defendants presumably arrived at that number based

13   on some underlying revenue data. This means that <u>Defendants must have documents</u>

14   <u>showing those revenues which have not been produced</u>.

15          **Y.     Request For Production No. 26.**

16                   **1.      The Request.**

17          <u>All sales reports generated by Warner Music Group's</u> central reporting entity

18   for the Master Recording.

19                   **2.      The Response.**

20          The response is almost the same as the response to Request no. 1.

21                   **3.      Further Response Is Required.**

22          The objections are meritless, and the response ambiguous, for the same

23   reasons stated with respect to Request Nos. 1 and 3 above.

24                   **4.      Additional Documents Must be Produced.**

25          The Produced Documents List shows that Defendants have produced

26   documents showing only a small fraction of the total revenues stated by Defendants

27   in their supplemental response to Interrogatory No. 1. WMG is one of the world's

28   largest record companies. It must generate sales reports for songs that it distributes,

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

20

1 such as this one.

2 **Z.     Request For Production No. 28.**

3      **1.     The Request.**

4 Any statements provided by Warner Music Russia to any artist or record

5 company from January 1, 2015 to the present, which show a <u>summary of an artist's</u>

6 <u>or record company's earnings, and/or any advances have been recouped</u>.

7      **2.     The Response.**

8 The response is almost the same as the response to Request no. 1.

9      **3.     Further Response Is Required.**

10 The objections are meritless, and the response ambiguous, for the same

11 reasons stated with respect to Request Nos. 1 and 3 above.

12      **4.     Additional Documents Must be Produced.**

13 WMG is one of the world's largest record companies. It must generate reports

14 showing such earnings and advances. This is evidenced by Defendants'

15 supplemental response to Interrogatory No. 20 which states that Warner Music

16 Russia calculates that currently there are accrued royalties of approximately

17 €31,680.02 owed to Connection based on the latest royalty statement from 2019

18 which has yet to be finalized and paid. (ARI Decl., ¶18.) The documents on which

19 these calculations are based must exist and must be produced.

20 **IV.     THE COURT SHOULD AWARD SANCTIONS IN THE AMOUNT OF**

21      **$12,679 AGAINST DEFENDANTS.**

22 The party who prevails on a motion to compel is entitled to his or her

23 expenses, including reasonable attorney fees, unless the losing party was

24 substantially justified in making or opposing the motion (or other circumstances

25 make such an award unjust). [FRCP 37(a)(5); *H. K. Porter Co., Inc. v. Goodyear*

26 *Tire & Rubber Co*. (6th Cir. 1976) 536 F2d 1115, 1124-1125].

27 Sandoval's counsel is representing their client on a contingency-fee basis.

28 Such clients are not precluded from receiving monetary awards. [*Gotro v. R & B*

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

8627.3.19

21

*Realty Group*, 69 F.3d 1485, 1487-88 (9th Cir.1995) (removal statute permitting recovery of "actual expenses ... incurred" does not preclude recovery by contingency fee litigant).] Sandoval seeks $12,679 in sanctions jointly and severally against Defendants.(ARI Decl., ¶19.)

**V.    CONCLUSION.**

For the reasons set forth above, Sandoval respectfully requests that the Court order Defendants, within 14 days, to (a) serve unambiguous verified further responses to these Requests for Production without objections that comply with FRCP 26, (b) provide a privilege log listing all documents that have been withheld based on claims of privilege, (c) produce all responsive documents in their possession, custody or control, and (d) pay sanctions in the amount of $12,679 to Sandoval's counsel as the reasonable costs and attorney fees incurred in connection with this proceeding.

DATED: July 3, 2019          RUFUS-ISAACS ACLAND &
                             GRANTHAM LLP


                             By:  _Alexander Rufus-Isaacs_
                                  Alexander Rufus-Isaacs
                                  Attorneys for Plaintiff DANELLE
                                  SANDOVAL

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

RUFUS-ISAACS ACLAND &
GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 232 N. Canon Drive, Beverly Hills, California  90210.

On July 3, 2019, I served true copies of the following document(s) described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

John M. Gatti
Lauren Fried
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064 1614
E-mail: jgatti@manatt.com
Email: lfried@manatt.com

Attorneys for Defendants Warner Music Group Corporation, Burak Yeter, Connection Records, and Dance Paradise UK Limited

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 3, 2019, at Beverly Hills, California.

_____
Alexander Rufus-Isaacs

8627.3.19