RUFUS-ISAACS ACLAND & GRANTHAM LLP
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
  *aisaacs@rufuslaw.com*
PAUL SUPNIK, State Bar No. 52842
  *psupnik@rufuslaw.com*
232 N. Canon Drive
Beverly Hills, California 90210
Telephone: (310) 274-3803
Facsimile: (310) 860-2430

Attorneys for Plaintiff DANELLE SANDOVAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANELLE SANDOVAL, an individual<br><br>Plaintiff,<br><br>v.<br><br>BURAK YETER, an individual; CONNECTION RECORDS, a foreign corporation; WARNER MUSIC GROUP CORPORATION, a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC., a Delaware general partnership; DANCE PARADISE UK LIMITED, a foreign corporation; and DOES 1-10, inclusive<br><br>Defendants. | CASE No. CV 18-00867-CBM (JPRx)<br>**DISCOVERY MATTER: DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS**<br><br>Date: August 1, 2019<br>Time: 10:00 am<br>Crtrm.: Courtroom 690, 6th Floor<br>  Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA 90012<br>Magistrate Judge: Honorable Jean P. Rosenbluth |

I, Alexander Rufus-Isaacs, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Rufus-Isaacs Acland & Grantham LLP, attorneys of record for Plaintiff Danelle Sandoval. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

8627.3.19A

2. On January 15,[1] I caused to be served on defendants Burak Yeter, Connection Records, Warner Music Group Corporation, and Dance Paradise UK Limited (collectively, "Defendants") a first set of requests for production of documents ("Requests"), and a first set of Interrogatories. A true and correct copy of the Requests is attached hereto as Exhibit 1.

3. Defendants' responses were initially due by February 12, but I granted Defendants several requests for extensions. First, I agreed to extend the deadline to March 1. Next, I agreed to extend it to March 8. Defendants' counsel then requested a further extension to March 22 and represented to me that I would receive good faith responses by that date. Based on that representation, I agreed to the extension. A true and correct copy of the emails containing these conversations is attached hereto as Exhibit 2 and incorporated herein.

4. On March 22, I received Defendants' responses ("Responses") to the Requests. A true and correct copy of the Responses is attached hereto as Exhibit 3 and incorporated herein. Defendants also produced two documents: a 5-page list of compilations on which the Master Recording allegedly appeared (DEF001-005) and a 3,033 page spreadsheet, which purports to show digital revenues earned by the Master Recording in Europe in the 2nd half of 2018 (DEF006-3039).

5. On April 17, I wrote a letter to Defendants' counsel regarding the inadequacies in the Responses, in a good faith attempt to resolve the disputes identified in that letter. A true and correct copy of the letter is attached hereto as Exhibit 4 and incorporated herein. Defendants' counsel did not respond to this letter.

6. On April 23, Defendants produced a further 1,800 pages of documents (DEF3040-4841), all of which had previously been produced voluntarily. I have personally reviewed all of the documents produced by Defendants, and my office

---

[1] All dates are in 2019.

8627.3.19A

2

DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS

has compiled a list of those documents ("Produced Documents List"). A true and correct copy of said Produced Documents List is attached hereto as Exhibit 5 and incorporated herein. The Produced Documents List lists all of the produced documents, and for those documents which purport to show revenues (in Euros) generated by the Master Recording in a particular period, it shows the amount of those revenues in Euros (excluding revenues shown on statements provided by Sony Music). These revenues total €261,110 (roughly US$295,000). Defendants have produced no documents showing revenues generated by the Master Recording outside Europe.

7. Defendants have never served further responses to the Requests, nor have they ever provided a privilege log.

8. On June 17, 2019, I sent Defendants' counsel a letter identifying the issues remaining in dispute and requesting a date for an in-person meeting to seek to resolve those issues pursuant to L. R. 37.1. A true and correct copy of that letter is attached hereto as Exhibit 6 and incorporated herein.

9. Defendants' counsel emailed me to set up a telephone conversation which was held on June 18. We discussed a few of the discovery issues in the June 17 letter (we also discussed settlement/mediation issues). For example, Defendants' counsel claimed not to have any more responsive documents, and asked why I believed they had any. I said I would send them an email with some examples, which I did, on a "without limitation" basis on June 18. A true and correct copy of emails containing these conversations is attached hereto as Exhibit 7 and incorporated herein. They did not respond.

10. I sent Defendants' counsel follow-up emails on June 21 and June 26, asking for dates for an in-person meeting, and warning that a motion to compel would be filed if no dates were provided. A true and correct copy of these emails is attached hereto as Exhibit 8 and incorporated herein. Defendants' counsel did not respond.

8627.3.19A

3

DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS

11. In their supplemental response to Interrogatory No. 1, Defendants state that the Master Recording has generated revenues amount to US$2,876,696 (excluding revenues generated by Sony Music).

12. In their supplemental response to Interrogatory No. 9, Defendants state that the total amount of gross revenues generated by the Master Recording from synchronization uses is US$9,674.25.

13. The only document produced by Defendants which expressly relates to compilations is a 5 page list of compilations, showing the title, format and territory of each.

14. In their supplemental response to Interrogatory No. 10, Defendants state that the total amount of gross revenue generated by the master recording from compilations is US$76,966.

15. In their supplemental response to Interrogatory No. 12, Defendants state that the Master Recording has generated revenues amount to US$2,715,195.31 from all digital services (excluding Sony Music revenues). In January 2018, Yeter stated that the Infringing Work had been streamed 1.3 billion times.

16. In their supplemental response to Interrogatory No. 16, Defendants state that the Master Recording has been downloaded 662,573 times.

17. In their supplemental response to Interrogatory No. 18, Defendants state that approximately 199,589 units were sold where the Master Recording was featured as a track on a compilation.

18. In their supplemental response to Interrogatory No. 20, Defendants state that Warner Music Russia calculates that currently there are accrued royalties of approximately €31,680.02 owed to Connection based on the latest royalty statement from 2019 which has yet to be finalized and paid.

19. My firm represents Ms. Sandoval under a contingency fee arrangement. My regular hourly rate is $450. Attached hereto marked as Exhibit 9 and incorporated herein is a true and correct copy of a printout from TSheets, a

software program I use to keep track of my time for billing purposes. This printout shows the time I have spent attempting to resolve the issues set forth in this motion and the accompanying motion to compel Defendants to provide further responses to the Interrogatories, and in preparing these two motions. This totals 27.22 hours. In addition, I estimate that I will spend five hours preparing the Replies and a further three hours attending court for the hearings, for a total of 35.22 hours. At my regular hourly rate, this would amount to $15,849.  I believe that it is fair to apportion the time between the two motions to compel on a 80/20 basis (80 being this motion which has involved much more work). Consequently, a reasonable estimate of the total fees incurred by my office with respect to this motion is $12,679.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed July 3, 2019, at Beverly Hills, California.

      */s/ Alexander Rufus-Isaacs*
      Alexander Rufus-Isaacs

8627.3.19A

5

DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 232 N. Canon Drive, Beverly Hills, California 90210.

On July 3, 2019, I served true copies of the following document(s) described as **DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

John M. Gatti
Lauren Fried
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064 1614
E-mail: jgatti@manatt.com
Email: lfried@manatt.com

Attorneys for Defendants Warner Music Group Corporation, Burak Yeter, Connection Records, and Dance Paradise UK Limited

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 3, 2019, at Beverly Hills, California.

Alexander Rufus-Isaacs

8627.3.19A

DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS