# EXHIBIT 1

RUFUS-ISAACS ACLAND & GRANTHAM LLP
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
  aisaacs@rufuslaw.com
PAUL SUPNIK, State Bar No. 52842
  psupnik@rufuslaw.com
232 N. Canon Drive
Beverly Hills, California 90210
Telephone: (310) 274-3803
Facsimile: (310) 860-2430

Attorneys for Plaintiff DANELLE SANDOVAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANELLE SANDOVAL, an individual<br><br>Plaintiff,<br><br>v.<br><br>BURAK YETER, an individual; CONNECTION RECORDS, a foreign corporation; WARNER MUSIC GROUP CORPORATION, a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC., a Delaware general partnership; DANCE PARADISE UK LIMITED, a foreign corporation; and DOES 1-10, inclusive<br><br>Defendants. | CASE No. CV 18-00867-CBM (JPRx)<br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER RULE 34** |

PROPOUNDING PARTY:   PLAINTIFF DANELLE SANDOVAL

RESPONDING PARTY:   DEFENDANTS WARNER MUSIC GROUP CORPORATION, BURAK YETER, CONNECTION RECORDS, AND DANCE PARADISE UK LIMITED

SET NO.:   ONE

Plaintiff Danelle Sandoval ("Sandoval ") requests that defendants Warner Music Group Corporation ('WMG"), Burak Yeter ("Yeter"), Connection Records ("Connection") and Dance Paradise UK Limited ("DPUK") shall respond to this

First Set of Requests for Production of Documents by producing copies of each of the following documents within 28 days:

**REQUEST FOR PRODUCTION NO. 1:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) relating to all gross revenues generated by the Master Recording. (The term "document(s)" herein means the original (if available, or if not, a legible copy) of a writing, as defined in F.R.E. Rule 1001, and includes any handwriting, printing, photographs, electronically stored information, and every other means of recording letters, words, pictures, sounds, or symbols, or combinations thereof, which are in the possession, custody or control of the responding parties or their attorneys, accountants, or agents; the term "relating to" herein means referring to, alluding to, responding to, concerning, connected with, supporting, relevant to, commenting on, reflecting, in respect of, about, regarding, discussing, showing, describing, mentioning, analyzing, disclosing, evidencing, and/or constituting; and the term "Master Recording" herein means all versions of Yeter's recording of the song entitled Tuesday, featuring Danelle (aka Danella) Sandoval, including music videos thereof.)

**REQUEST FOR PRODUCTION NO. 2:**

All documents (including, not limited to, agreements, statements and other accounting documents) relating to synchronization rights (including but not limited to, TV, Film, DVD, Internet & Commercials) for the Master Recording.

**REQUEST FOR PRODUCTION NO. 3:**

All documents (including, without limitation, agreements, statements and other accounting documents) relating to the use of the Master Recording on compilations.

**REQUEST FOR PRODUCTION NO. 4:**

All documents (including, without limitation, agreements, statements and

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

other accounting documents) relating to the use of the Master Recording for YouTube or digital services (including, but not limited to, downloads & streaming).

**REQUEST FOR PRODUCTION NO. 5:**

Documents (including, without limitation, all statements and other accounting documents) showing the gross revenues generated by the Master Recording from performing rights organizations and other collection bodies.

**REQUEST FOR PRODUCTION NO. 6:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) relating to agreements relating to the Master Recording. (The term "communication(s)" herein is to be interpreted in the broadest sense possible under the law, and means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, emails, facsimiles, electronic mail, or other forms of written or oral interchange, however transmitted, including reports, notes, memoranda, lists, agenda, and other records of communications.)

**REQUEST FOR PRODUCTION NO. 7:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) relating to agreements relating to the Master Recording in which any of the Adverse Parties is named as a party to that agreement. (The term "Adverse Parties" herein means WMG, Connection, DPUK, SBA Production, LLC, Warner Music Russia, and their subsidiaries or affiliates, and Yeter.)

**REQUEST FOR PRODUCTION NO. 8:**

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated March 25, 2016 between Connection and DPUK.

8627.4.2

3

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER RULE 34

**REQUEST FOR PRODUCTION NO. 9:**

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated May 4, 2016 between Connection and DPUK.

**REQUEST FOR PRODUCTION NO. 10:**

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated June 4, 2016 between Connection and DPUK.

**REQUEST FOR PRODUCTION NO. 11:**

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated June 20, 2016 between Connection and DPUK.

**REQUEST FOR PRODUCTION NO. 12:**

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated January 11, 2017 between Connection and DPUK.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to any communications relating to the Master Recording passing between any of the Defendants.

**REQUEST FOR PRODUCTION NO. 14:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing any advances paid with respect to the Master Recording.

**REQUEST FOR PRODUCTION NO. 15:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between Yeter and any other person relating to the Master Recording.

**REQUEST FOR PRODUCTION NO. 16:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between Connection and any other person relating to the Master Recording.

**REQUEST FOR PRODUCTION NO. 17:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between DPUK and any other person relating to the Master Recording.

**REQUEST FOR PRODUCTION NO. 18:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between WMG and any other person relating to the Master Recording.

**REQUEST FOR PRODUCTION NO. 19:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between Warner Music Russia and any other person relating to the Master Recording.

**REQUEST FOR PRODUCTION NO. 20:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between SBA Production LLC and any other person relating to the Master Recording.

**REQUEST FOR PRODUCTION NO. 21:**

All documents relating to the Master Recording distributed internally within WMG.

**REQUEST FOR PRODUCTION NO. 22:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing the total number of times that the Master Recording has been streamed.

**REQUEST FOR PRODUCTION NO. 23:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing the total number of times that the Master Recording has been downloaded.

**REQUEST FOR PRODUCTION NO. 24:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing the total number of physical units emodying the Master Recording that have been sold or distributed.

**REQUEST FOR PRODUCTION NO. 25:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing the total number of compilations which include the Master Recording that have been sold or distributed.

**REQUEST FOR PRODUCTION NO. 26:**

All sales reports generated by Warner Music Group's central reporting entity for the Master Recording.

**REQUEST FOR PRODUCTION NO. 27:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing any reserves held and/or any accrued and held royalty amounts for the Master Recording.

**REQUEST FOR PRODUCTION NO. 28:**

Any statements provided by Warner Music Russia to any artist or record company from January 1, 2015 to the present, which show a summary of an artist's or record company's earnings, and/or any advances have been recouped.

| | | |
|---|---|---|
| DATED: January 15, 2019 | | RUFUS-ISAACS ACLAND & GRANTHAM LLP |
| | By: | *[signature]* |
| | | Alexander Rufus-Isaacs |
| | | Attorneys for Plaintiff DANELLE SANDOVAL |

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 232 N. Canon Drive, Beverly Hills, California 90210.

On January 15, 2019, I served true copies of the following document(s) described as **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER RULE 34** on the interested parties in this action as follows:

John M. Gatti            E-mail: jgatti@manatt.com
Katrina Dela Cruz        E-mail: kdelacruz@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064 1614
Attorneys for Defendant Warner Music Group Corporation, Burak Yeter, Connection Records, and Dance Paradise UK Limited

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address aisaacs@rufuslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2019, at Beverly Hills, California.

_____
Alexander Rufus-Isaacs

8627.4.2

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNDER RULE 34