# EXHIBIT 3

JOHN M. GATTI (State Bar No. 138492)
E-mail: jgatti@manatt.com
LAUREN J. FRIED (State Bar No. 309005)
E-mail: lfried@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Tel.: (310) 312-4000; Fax: (310) 312-4224

*Attorneys for Defendants*
BURAK YETER; CONNECTION RECORDS, WARNER
MUSIC GROUP CORPORATION, and DANCE
PARADISE UK LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELLE SANDOVAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BURAK YETER, an individual; CONNECTION RECORDS, a foreign business entity; WARNER MUSIC GROUP CORPORATION, a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC. a Delaware general partnership; DANCE PARADISE UK LIMITED, a foreign corporation; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:18-cv-00867-CBM (JPRx)<br><br>Honorable Consuelo B. Marshall<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS UNDER RULE 34**<br><br>Action filed: February 2, 2018<br>Trial Date: January 7, 2020 |

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

1      Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure

2  ("Federal Rules") and the Local Rules of Civil Procedure of the United States

3  District Court for the Central District of California ("Local Rules"), Defendants

4  Burak Yeter, Connection Records, Warner Music Group Corporation, and Dance

5  Paradise UK Limited (collectively, "Defendants"), by and through its undersigned

6  attorneys, hereby sets forth its objections and responses to Plaintiff Danelle

7  Sandoval's ("Sandoval") First Set of Requests for Production propounded to

8  Defendants ("Requests").

9      **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

10     Defendants incorporate the following Preliminary Statement and General

11 Objections into each of their responses herein:

12     1.     Defendants' response to these Requests is made solely for the purpose

13 of, and in relation to, the above-captioned action.

14     2.     Defendants object to these Requests on the ground that they were

15 served to all Defendants generally and not propounded to each Defendant

16 individually.

17     3.     Defendants reserve their rights to assert lack of personal jurisdiction.

18     4.     Each of the responses and objections set forth below is based on

19 Defendants' reasonable understanding of the Requests.  To the extent that

20 Defendants assert an interpretation of any demand that is inconsistent with

21 Sandoval's understanding, Defendants reserve the right to supplement their

22 objections or responses.

23     5.     Defendants object to these Requests to the extent they fail to comply

24 with the Federal Rules or the Local Rules.

25     6.     Defendants object to these Requests to the extent they are beyond the

26 scope of permissible discovery or seek to impose duties and obligations beyond

27 those imposed on Defendants by the Federal Rules or the Local Rules.

28     7.     Defendants object to these Requests to the extent they seek

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2                    DEFENDANTS' RESPONSE TO FIRST SET
                    OF REQUESTS FOR PRODUCTION

1  information created, compiled, transmitted and/or received at times so remote from

2  the allegations as to be irrelevant, not reasonably calculated to lead to the discovery

3  of admissible evidence relating to the issues in this lawsuit, and not relevant to any

4  party's claim or defense or proportional to the needs of the case.

5       8.    Defendants object to these Requests to the extent they seek

6  information protected by the attorney-client privilege, the attorney work product

7  doctrine, or any other applicable privilege, doctrine or immunity.  The inadvertent

8  production of any privileged or protected information or document shall not

9  constitute, or be deemed, a waiver of any applicable statutory, regulatory, common

10  law or other privilege.

11       9.    Defendants object to these Requests to the extent they seek disclosure

12  of information or documents that would violate individual privacy interests,

13  confidentiality agreements or other arrangements between Defendants and any

14  other individual or entity.

15       10.    Defendants object to these Requests to the extent they are unlimited as

16  to time and, thus, call for information that is overly broad, unduly burdensome, not

17  reasonably likely to lead to discovery of admissible evidence, and not relevant to

18  any party's claim or defense or proportional to the needs of the case.

19       11.    Defendants object to these Requests to the extent they seek

20  confidential and proprietary information, including trade secrets and competitively

21  sensitive business information, where any purported marginal benefits of disclosure

22  of the requested information are outweighed by the burden associated with

23  disclosure of such highly sensitive materials.  Confidential information will not be

24  disclosed until an appropriate protective order is entered by the Court.

25       12.    Defendants object to these Requests to the extent that they seek the

26  production of information or documents not within Defendants' possession, custody

27  or control.

28       13.    Defendants object to these Requests to the extent they seek

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

information or documents already known to, or in the possession, custody or control of Sandoval, or any third parties, or that are in the public domain or are otherwise equally available to Sandoval.

14.     Defendants object to these Requests to the extent that they seek to impose an obligation to identify or search for information or documents at any location, or from any source other than where they would reasonably be expected to be stored in the ordinary course of business.  Defendants' responses are based upon (a) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (b) inquiries of employees and/or representatives who could reasonably be expected to possess responsive information.

15.     Defendants object to these Requests to the extent they (i) assume facts that do not exist, are incorrect, and/or are disputed, and/or (ii) mischaracterize or misstate facts and/or defenses appearing in the pleadings and/or prior discovery in this action in defining the information requested.  Defendants submit these objections and responses without admitting the factual or legal premise of any of these Requests.

16.     Defendants object to these Requests to the extent they are vague, ambiguous, unintelligible, uncertain and fail to specify with reasonable particularity the information sought and/or would unreasonably require Defendants to speculate as to the nature or scope of the information sought.

17.     Defendants object to these Requests as overly broad, harassing and unduly burdensome to the extent they seek to have Defendants investigate, collect, review, and disclose information or documents that are not relevant to any claim or defense asserted in this action.

18.     Defendants object to these Requests to the extent they seek information that is not relevant to the subject matter of this lawsuit, is neither admissible nor reasonably calculated to lead to the discovery of admissible

1    evidence, and is not relevant to any party's claim or defense nor proportional to the

2    needs of the case.

3        19.    Defendants object to these Requests to the extent they prematurely

4    seek expert discovery and/or opinions.

5        20.    Defendants object to these Requests to the extent that they are

6    duplicative and cumulative.

7        21.    The fact that any of the Requests have been answered neither should

8    be taken as an admission nor an acceptance of the existence of documents or

9    categories of documents or of any of the facts assumed by such Requests, nor

10   should be construed as an admission that such information is relevant to the subject

11   matter of this litigation or constitutes admissible evidence.

12       22.    A response to any of the Requests that states that responsive

13   documents will be produced does not constitute a representation or

14   acknowledgment by Defendants that there are any documents responsive to such

15   Request, or that, if responsive documents exist, they are in Defendants' possession,

16   custody, or control.  Rather, a statement that responsive documents will be

17   produced is simply a statement that, if such documents exist and can be located

18   through a diligent search and reasonable inquiry of documents in Defendants'

19   present possession, custody, or control, Defendants will produce them.

20       23.    Defendants reserve the right to object to the admission into evidence of

21   any or all information or documents produced in response to these Requests in any

22   pending or future proceeding on any grounds provided by law.  Defendants further

23   reserve the right to interpose additional objections and object to any additional

24   Requests directed to it.

25       24.    Defendants submit these responses without waiving any claim of

26   privilege or confidentiality and without conceding the relevancy or materiality of

27   the subject matter of any request and without prejudice to their rights to object to

28   further discovery or to object to the admissibility of any additional proof on the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

1    subject matter of any answer at the time of trial.

2         25.     Defendants reserve their rights (i) to object to the admissibility of these

3    responses or any documents produced; (ii) to object to the further discovery; or (iii)

4    to revise, amend, or clarify its responses when appropriate to do so.

5         26.     Defendants' research, discovery, and preparation for trial in this matter

6    are presently ongoing and are not yet complete.  Defendants' responses to the

7    Requests are based upon the current state of Defendants' pretrial preparation and

8    the information which is presently known to it based upon the investigation it has

9    conducted to date.  Defendants anticipate that their continuing discovery and

10   investigation will reveal information or documents not presently known to them, or

11   information or documents the significance of which is not presently known, upon

12   which Defendants may rely at trial.  Accordingly, although Defendants assume no

13   obligation to voluntarily supplement or amend these responses to reflect

14   information, evidence, documents, or things discovered following service of these

15   responses, such responses are made without prejudice to Defendants' right to

16   produce additional information or documents at a later date, and to introduce such

17   information or documents at the time of trial.  Furthermore, these responses are

18   prepared based on Defendants' good faith interpretation and understanding of each

19   request, and are subject to correction for inadvertent errors, if any.

20        27.     Defendants hereby specifically incorporate each of the foregoing

21   General Objections into each and every response to the Requests.  Each of the

22   following specific responses is subject to and without waiver of these General

23   Objections.

24                    **RESPONSE TO REQUESTS FOR PRODUCTION**

25   **REQUEST FOR PRODUCTION NO. 1:**

26        Documents (including, without limitation, statements and other accounting

27   documents, and any summary pages) relating to all gross revenues generated by the

28   Master Recording. (The term "document(s)" herein means the original (if available,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6          DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

1  or if not, a legible copy) of a writing, as defined in F.R.E. Rule 1001, and includes

2  any handwriting, printing, photographs, electronically stored information, and every

3  other means of recording letters, words, pictures, sounds, or symbols, or

4  combinations thereof, which are in the possession, custody or control of the

5  responding parties or their attorneys, accountants, or agents; the term "relating to"

6  herein means referring to, alluding to, responding to, concerning, connected with,

7  supporting, relevant to, commenting on, reflecting, in respect of, about, regarding,

8  discussing, showing, describing, mentioning, analyzing, disclosing, evidencing,

9  and/or constituting; and the term "Master Recording" herein means all versions of

10  Yeter's recording of the song entitled Tuesday, featuring Danelle (aka Danella)

11  Sandoval, including music videos thereof.)

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

13       In addition to its General Objections, which are incorporated into this

14  response as though fully set forth herein, Defendants specifically object to this

15  Request on the grounds that it (i) seeks documents and information that are

16  protected from disclosure by the attorney-client privilege and/or attorney work-

17  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

18  Recording,"; (iii) seeks the production of private or confidential business, financial,

19  proprietary, trade secret, or other sensitive documents and information, the

20  disclosure of which would damage or harm Defendants, its clients, or related

21  persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

22  documents and information which are neither relevant to any party's claims or

23  defense, nor proportional to the needs of the case; and (vi) is not limited in time and

24  scope.

25       Subject to and without waiving the foregoing specific and general objections,

26  and to the extent Defendants understand the request, Defendants respond as

27  follows:  Defendants will produce non-privileged, responsive documents in their

28  possession, custody or control, to the extent any exist and have not been previously

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

1  produced to Plaintiff, subject to the provisions of an applicable protective order.

2  **REQUEST FOR PRODUCTION NO. 2:**

3       All documents (including, not limited to, agreements, statements and other

4  accounting documents) relating to synchronization rights (including but not limited

5  to, TV, Film, DVD, Internet & Commercials) for the Master Recording.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7       In addition to its General Objections, which are incorporated into this

8  response as though fully set forth herein, Defendants specifically object to this

9  Request on the grounds that it (i) seeks documents and information that are

10  protected from disclosure by the attorney-client privilege and/or attorney work-

11  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "Master

12  Recording" and "synchronization rights,"; (iii) seeks the production of private or

13  confidential business, financial, proprietary, trade secret, or other sensitive

14  documents and information, the disclosure of which would damage or harm

15  Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly

16  burdensome; (v) seeks documents and information which are neither relevant to any

17  party's claims or defense, nor proportional to the needs of the case; and (vi) is not

18  limited in time and scope.

19       Subject to and without waiving the foregoing specific and general objections,

20  and to the extent Defendants understand the request, Defendants respond as

21  follows:  upon information and belief, Defendants are unaware of the existence of

22  any such responsive documents.

23  **REQUEST FOR PRODUCTION NO. 3:**

24       All documents (including, without limitation, agreements, statements and

25  other accounting documents) relating to the use of the Master Recording on

26  compilations.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

28       In addition to its General Objections, which are incorporated into this

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "use" and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

Subject to and without waiving the foregoing specific and general objections, and to the extent Defendants understand the request, Defendants respond as follows: Defendants will produce non-privileged, responsive documents in their possession, custody or control, to the extent any exist and have not been previously produced to Plaintiff, subject to the provisions of an applicable protective order.

**REQUEST FOR PRODUCTION NO. 4:**

All documents (including, without limitation, agreements, statements and other accounting documents) relating to the use of the Master Recording for YouTube or digital services (including, but not limited to, downloads & streaming).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "use," "digital services," and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive

1  documents and information, the disclosure of which would damage or harm
2  Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly
3  burdensome; (v) seeks documents and information which are neither relevant to any
4  party's claims or defense, nor proportional to the needs of the case; and (vi) is not
5  limited in time and scope.

6      Subject to and without waiving the foregoing specific and general objections,
7  and to the extent Defendants understand the request, Defendants respond as
8  follows:  Defendants will produce non-privileged, responsive documents in their
9  possession, custody or control, to the extent any exist and have not been previously
10  produced to Plaintiff, subject to the provisions of an applicable protective order.

11  **REQUEST FOR PRODUCTION NO. 5:**

12      Documents (including, without limitation, all statements and other
13  accounting documents) showing the gross revenues generated by the Master
14  Recording from performing rights organizations and other collection bodies.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16      In addition to its General Objections, which are incorporated into this
17  response as though fully set forth herein, Defendants specifically object to this
18  Request on the grounds that it (i) seeks documents and information that are
19  protected from disclosure by the attorney-client privilege and/or attorney work-
20  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms
21  "performing rights organization," "collection bodies," and "Master Recording,";
22  (iii) seeks the production of private or confidential business, financial, proprietary,
23  trade secret, or other sensitive documents and information, the disclosure of which
24  would damage or harm Defendants, its clients, or related persons or entities; (iv) is
25  overly broad and unduly burdensome; (v) seeks documents and information which
26  are neither relevant to any party's claims or defense, nor proportional to the needs
27  of the case; and (vi) is not limited in time and scope.

28      Subject to and without waiving the foregoing specific and general objections,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

1   and to the extent Defendants understand the request, Defendants respond as

2   follows:  Defendants will produce non-privileged, responsive documents in their

3   possession, custody or control, to the extent any exist and have not been previously

4   produced to Plaintiff, subject to the provisions of an applicable protective order.

5   **REQUEST FOR PRODUCTION NO. 6:**

6       All documents (including, without limitation, agreements, communications,

7   and statements and other accounting documents) relating to agreements relating to

8   the Master Recording. (The term "communication(s)" herein is to be interpreted in

9   the broadest sense possible under the law, and means all discussions, conversations,

10  meetings, conferences, telephone conversations, interviews, negotiations,

11  agreements, understandings, cards, letters, correspondence, emails, facsimiles,

12  electronic mail, or other forms of written or oral interchange, however transmitted,

13  including reports, notes, memoranda, lists, agenda, and other records of

14  communications.)

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

16      In addition to its General Objections, which are incorporated into this

17  response as though fully set forth herein, Defendants specifically object to this

18  Request on the grounds that it (i) seeks documents and information that are

19  protected from disclosure by the attorney-client privilege and/or attorney work-

20  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

21  Recording,"; (iii) seeks the production of private or confidential business, financial,

22  proprietary, trade secret, or other sensitive documents and information, the

23  disclosure of which would damage or harm Defendants, its clients, or related

24  persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

25  documents and information which are neither relevant to any party's claims or

26  defense, nor proportional to the needs of the case; and (vi) is not limited in time and

27  scope.

28      Subject to and without waiving the foregoing specific and general objections,

1   and to the extent Defendants understand the request, Defendants respond as

2   follows:  Defendants will produce non-privileged, responsive documents in their

3   possession, custody or control, to the extent any exist and have not been previously

4   produced to Plaintiff, subject to the provisions of an applicable protective order.

5   **REQUEST FOR PRODUCTION NO. 7:**

6      All documents (including, without limitation, agreements, communications,

7   and statements and other accounting documents) relating to agreements relating to

8   the Master Recording in which any of the Adverse Parties is named as a party to

9   that agreement. (The term "Adverse Parties" herein means WMG, Connection,

10  DPUK, SBA Production, LLC, Warner Music Russia, and their subsidiaries or

11  affiliates, and Yeter.)

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

13     In addition to its General Objections, which are incorporated into this

14  response as though fully set forth herein, Defendants specifically object to this

15  Request on the grounds that it (i) seeks documents and information that are

16  protected from disclosure by the attorney-client privilege and/or attorney work-

17  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

18  Recording,"; (iii) seeks the production of private or confidential business, financial,

19  proprietary, trade secret, or other sensitive documents and information, the

20  disclosure of which would damage or harm Defendants, its clients, or related

21  persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

22  documents and information which are neither relevant to any party's claims or

23  defense, nor proportional to the needs of the case; and (vi) is not limited in time and

24  scope.

25     Subject to and without waiving the foregoing specific and general objections,

26  and to the extent Defendants understand the request, Defendants respond as

27  follows:  Defendants will produce non-privileged, responsive documents in their

28  possession, custody or control, to the extent any exist and have not been previously

1 produced to Plaintiff, subject to the provisions of an applicable protective order.

2 **REQUEST FOR PRODUCTION NO. 8:**

3     All documents (including, without limitation, communications, and

4 statements and other accounting documents) relating to the Exclusive Licensing

5 Agreement dated March 25, 2016 between Connection and DPUK.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

7     In addition to its General Objections, which are incorporated into this

8 response as though fully set forth herein, Defendants specifically object to this

9 Request on the grounds that it (i) seeks documents and information that are

10 protected from disclosure by the attorney-client privilege and/or attorney work-

11 product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

12 Recording,"; (iii) seeks the production of private or confidential business, financial,

13 proprietary, trade secret, or other sensitive documents and information, the

14 disclosure of which would damage or harm Defendants, its clients, or related

15 persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

16 documents and information which are neither relevant to any party's claims or

17 defense, nor proportional to the needs of the case; and (vi) is not limited in time and

18 scope.

19     Subject to and without waiving the foregoing specific and general objections,

20 and to the extent Defendants understand the request, Defendants respond as

21 follows:  Defendants will produce non-privileged, responsive documents in their

22 possession, custody or control, to the extent any exist and have not been previously

23 produced to Plaintiff, subject to the provisions of an applicable protective order.

24 **REQUEST FOR PRODUCTION NO. 9:**

25     All documents (including, without limitation, communications, and

26 statements and other accounting documents) relating to the Exclusive Licensing

27 Agreement dated May 4, 2016 between Connection and DPUK.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

Subject to and without waiving the foregoing specific and general objections, and to the extent Defendants understand the request, Defendants respond as follows:  Defendants will produce non-privileged, responsive documents in their possession, custody or control, to the extent any exist and have not been previously produced to Plaintiff, subject to the provisions of an applicable protective order.

**REQUEST FOR PRODUCTION NO. 10:**

All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated June 4, 2016 between Connection and DPUK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

1    Recording,"; (iii) seeks the production of private or confidential business, financial,

2    proprietary, trade secret, or other sensitive documents and information, the

3    disclosure of which would damage or harm Defendants, its clients, or related

4    persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

5    documents and information which are neither relevant to any party's claims or

6    defense, nor proportional to the needs of the case; and (vi) is not limited in time and

7    scope.

8        Subject to and without waiving the foregoing specific and general objections,

9    and to the extent Defendants understand the request, Defendants respond as

10   follows:  Defendants have already produced all non-privileged, responsive

11   documents in their possession, custody or control, to the extent they exist, subject to

12   the provisions of an applicable protective order.

13   **REQUEST FOR PRODUCTION NO. 11:**

14       All documents (including, without limitation, communications, and

15   statements and other accounting documents) relating to the Exclusive Licensing

16   Agreement dated June 20, 2016 between Connection and DPUK.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

18       In addition to its General Objections, which are incorporated into this

19   response as though fully set forth herein, Defendants specifically object to this

20   Request on the grounds that it (i) seeks documents and information that are

21   protected from disclosure by the attorney-client privilege and/or attorney work-

22   product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

23   Recording,"; (iii) seeks the production of private or confidential business, financial,

24   proprietary, trade secret, or other sensitive documents and information, the

25   disclosure of which would damage or harm Defendants, its clients, or related

26   persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

27   documents and information which are neither relevant to any party's claims or

28   defense, nor proportional to the needs of the case; and (vi) is not limited in time and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

1   scope.

2        Subject to and without waiving the foregoing specific and general objections,

3   and to the extent Defendants understand the request, Defendants respond as

4   follows:  Defendants have already produced all non-privileged, responsive

5   documents in their possession, custody or control, to the extent any exist, subject to

6   the provisions of an applicable protective order.

7   **REQUEST FOR PRODUCTION NO. 12:**

8        All documents (including, without limitation, communications, and

9   statements and other accounting documents) relating to the Exclusive Licensing

10  Agreement dated January 11, 2017 between Connection and DPUK.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12       In addition to its General Objections, which are incorporated into this

13  response as though fully set forth herein, Defendants specifically object to this

14  Request on the grounds that it (i) seeks documents and information that are

15  protected from disclosure by the attorney-client privilege and/or attorney work-

16  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

17  Recording,"; (iii) seeks the production of private or confidential business, financial,

18  proprietary, trade secret, or other sensitive documents and information, the

19  disclosure of which would damage or harm Defendants, its clients, or related

20  persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

21  documents and information which are neither relevant to any party's claims or

22  defense, nor proportional to the needs of the case; and (vi) is not limited in time and

23  scope.

24       Subject to and without waiving the foregoing specific and general objections,

25  and to the extent Defendants understand the request, Defendants respond as

26  follows:  Defendants have already produced all non-privileged, responsive

27  documents in their possession, custody or control, to the extent any exist, subject to

28  the provisions of an applicable protective order.

MANATT, PHELPS &
PHELLPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to any communications relating to the Master Recording passing between any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "passing between" and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

Subject to and without waiving the foregoing specific and general objections, and to the extent Defendants understand the request, Defendants respond as follows:  Defendants will produce non-privileged, responsive documents in their possession, custody or control, to the extent any exist and have not been previously produced to Plaintiff, subject to the provisions of an applicable protective order.

**REQUEST FOR PRODUCTION NO. 14:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing any advances paid with respect to the Master Recording.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this

Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

Subject to and without waiving the foregoing specific and general objections, and to the extent Defendants understand the request, Defendants respond as follows:  Defendants have produced all non-privileged, responsive documents in their possession, custody or control, to the extent any exist, subject to the provisions of an applicable protective order.

**REQUEST FOR PRODUCTION NO. 15:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between Yeter and any other person relating to the Master Recording.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "passing between" and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm

1    Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly

2    burdensome; (v) seeks documents and information which are neither relevant to any

3    party's claims or defense, nor proportional to the needs of the case; and (vi) is not

4    limited in time and scope.

5    **REQUEST FOR PRODUCTION NO. 16:**

6         All documents (including, without limitation, agreements, communications,

7    and statements and other accounting documents) passing between Connection and

8    any other person relating to the Master Recording.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

10        In addition to its General Objections, which are incorporated into this

11   response as though fully set forth herein, Defendants specifically object to this

12   Request on the grounds that it (i) seeks documents and information that are

13   protected from disclosure by the attorney-client privilege and/or attorney work-

14   product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "passing

15   between" and "Master Recording,"; (iii) seeks the production of private or

16   confidential business, financial, proprietary, trade secret, or other sensitive

17   documents and information, the disclosure of which would damage or harm

18   Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly

19   burdensome; (v) seeks documents and information which are neither relevant to any

20   party's claims or defense, nor proportional to the needs of the case; and (vi) is not

21   limited in time and scope.

22   **REQUEST FOR PRODUCTION NO. 17:**

23        All documents (including, without limitation, agreements, communications,

24   and statements and other accounting documents) passing between DPUK and any

25   other person relating to the Master Recording.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

27        In addition to its General Objections, which are incorporated into this

28   response as though fully set forth herein, Defendants specifically object to this

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

19

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "passing between" and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

**REQUEST FOR PRODUCTION NO. 18:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between WMG and any other person relating to the Master Recording.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "passing between" and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

**REQUEST FOR PRODUCTION NO. 19:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between Warner Music Russia and any other person relating to the Master Recording.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "passing between" and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

**REQUEST FOR PRODUCTION NO. 20:**

All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between SBA Production LLC and any other person relating to the Master Recording.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "passing between" and "Master Recording,"; (iii) seeks the production of private or

1    confidential business, financial, proprietary, trade secret, or other sensitive

2    documents and information, the disclosure of which would damage or harm

3    Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly

4    burdensome; (v) seeks documents and information which are neither relevant to any

5    party's claims or defense, nor proportional to the needs of the case; and (vi) is not

6    limited in time and scope.

7    **REQUEST FOR PRODUCTION NO. 21:**

8          All documents relating to the Master Recording distributed internally within

9    WMG.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

11         In addition to its General Objections, which are incorporated into this

12   response as though fully set forth herein, Defendants specifically object to this

13   Request on the grounds that it (i) seeks documents and information that are

14   protected from disclosure by the attorney-client privilege and/or attorney work-

15   product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

16   Recording,"; (iii) seeks the production of private or confidential business, financial,

17   proprietary, trade secret, or other sensitive documents and information, the

18   disclosure of which would damage or harm Defendants, its clients, or related

19   persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

20   documents and information which are neither relevant to any party's claims or

21   defense, nor proportional to the needs of the case; and (vi) is not limited in time and

22   scope.

23   **REQUEST FOR PRODUCTION NO. 22:**

24         Documents (including, without limitation, statements and other accounting

25   documents, and any summary pages) showing the total number of times that the

26   Master Recording has been streamed.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

28         In addition to its General Objections, which are incorporated into this

1   response as though fully set forth herein, Defendants specifically object to this

2   Request on the grounds that it (i) seeks documents and information that are

3   protected from disclosure by the attorney-client privilege and/or attorney work-

4   product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

5   Recording,"; (iii) seeks the production of private or confidential business, financial,

6   proprietary, trade secret, or other sensitive documents and information, the

7   disclosure of which would damage or harm Defendants, its clients, or related

8   persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

9   documents and information which are neither relevant to any party's claims or

10  defense, nor proportional to the needs of the case; and (vi) is not limited in time and

11  scope.

12       Subject to and without waiving the foregoing specific and general objections,

13  and to the extent Defendants understand the request, Defendants respond as

14  follows:  Defendants will produce non-privileged, responsive documents in their

15  possession, custody or control, to the extent any exist and have not been previously

16  produced to Plaintiff, subject to the provisions of an applicable protective order.

17  **REQUEST FOR PRODUCTION NO. 23:**

18       Documents (including, without limitation, statements and other accounting

19  documents, and any summary pages) showing the total number of times that the

20  Master Recording has been downloaded.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

22       In addition to its General Objections, which are incorporated into this

23  response as though fully set forth herein, Defendants specifically object to this

24  Request on the grounds that it (i) seeks documents and information that are

25  protected from disclosure by the attorney-client privilege and/or attorney work-

26  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master

27  Recording,"; (iii) seeks the production of private or confidential business, financial,

28  proprietary, trade secret, or other sensitive documents and information, the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

23

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

1  disclosure of which would damage or harm Defendants, its clients, or related

2  persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks

3  documents and information which are neither relevant to any party's claims or

4  defense, nor proportional to the needs of the case; and (vi) is not limited in time and

5  scope.

6       Subject to and without waiving the foregoing specific and general objections,

7  and to the extent Defendants understand the request, Defendants respond as

8  follows:  Defendants will produce non-privileged, responsive documents in their

9  possession, custody or control, to the extent any exist and have not been previously

10  produced to Plaintiff, subject to the provisions of an applicable protective order.

11  **REQUEST FOR PRODUCTION NO. 24:**

12       Documents (including, without limitation, statements and other accounting

13  documents, and any summary pages) showing the total number of physical units

14  emodying the Master Recording that have been sold or distributed.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

16       In addition to its General Objections, which are incorporated into this

17  response as though fully set forth herein, Defendants specifically object to this

18  Request on the grounds that it (i) seeks documents and information that are

19  protected from disclosure by the attorney-client privilege and/or attorney work-

20  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms

21  "embodying" and "Master Recording,"; (iii) seeks the production of private or

22  confidential business, financial, proprietary, trade secret, or other sensitive

23  documents and information, the disclosure of which would damage or harm

24  Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly

25  burdensome; (v) seeks documents and information which are neither relevant to any

26  party's claims or defense, nor proportional to the needs of the case; and (vi) is not

27  limited in time and scope.

28       Subject to and without waiving the foregoing specific and general objections,

1   and to the extent Defendants understand the request, Defendants respond as

2   follows:  Defendants have produced all non-privileged, responsive documents in

3   their possession, custody or control, to the extent any exist, subject to the provisions

4   of an applicable protective order.

5   **REQUEST FOR PRODUCTION NO. 25:**

6       Documents (including, without limitation, statements and other accounting

7   documents, and any summary pages) showing the total number of compilations

8   which include the Master Recording that have been sold or distributed.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

10      In addition to its General Objections, which are incorporated into this

11  response as though fully set forth herein, Defendants specifically object to this

12  Request on the grounds that it (i) seeks documents and information that are

13  protected from disclosure by the attorney-client privilege and/or attorney work-

14  product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms

15  "compilations" and "Master Recording,"; (iii) seeks the production of private or

16  confidential business, financial, proprietary, trade secret, or other sensitive

17  documents and information, the disclosure of which would damage or harm

18  Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly

19  burdensome; (v) seeks documents and information which are neither relevant to any

20  party's claims or defense, nor proportional to the needs of the case; and (vi) is not

21  limited in time and scope.

22      Subject to and without waiving the foregoing specific and general objections,

23  and to the extent Defendants understand the request, Defendants respond as

24  follows:  Defendants have produced all non-privileged, responsive documents in

25  their possession, custody or control, to the extent any exist, subject to the provisions

26  of an applicable protective order.

27  **REQUEST FOR PRODUCTION NO. 26:**

28      All sales reports generated by Warner Music Group's central reporting entity

for the Master Recording.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "central reporting entity" and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

Subject to and without waiving the foregoing specific and general objections, and to the extent Defendants understand the request, Defendants respond as follows: Defendants have produced all non-privileged, responsive documents in their possession, custody or control, to the extent any exist, subject to the provisions of an applicable protective order.

**REQUEST FOR PRODUCTION NO. 27:**

Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing any reserves held and/or any accrued and held royalty amounts for the Master Recording.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-

product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks documents and information which are neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope.

Subject to and without waiving the foregoing specific and general objections, and to the extent Defendants understand the request, Defendants respond as follows:  Defendant will produce non-privileged, responsive documents in their possession, custody or control, to the extent any exist, subject to the provisions of an applicable protective order.

**REQUEST FOR PRODUCTION NO. 28:**

Any statements provided by Warner Music Russia to any artist or record company from January 1, 2015 to the present, which show a summary of an artist's or record company's earnings, and/or any advances have been recouped.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Request on the grounds that it (i) seeks documents and information that are protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive documents and information, the disclosure of which would damage or harm Defendants, its clients, or related persons or entities; (iv) is overly broad and unduly burdensome; and (v) seeks documents and information which are neither relevant to any party's claims or

1  defense, nor proportional to the needs of the case.

2

3

4  Dated:  March 22, 2019

MANATT, PHELPS & PHILLIPS, LLP
John M. Gatti

5  By: _____

6  John M. Gatti
*Attorneys for Defendants*
7  BURAK YETER; CONNECTION
RECORDS, WARNER MUSIC
8  GROUP CORPORATION, and
DANCE PARADISE UK LIMITED

9

10

11  322138012.2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

28

DEFENDANTS' RESPONSE TO FIRST SET
OF REQUESTS FOR PRODUCTION

1

## PROOF OF SERVICE

2

I, Erica K. Embray, declare as follows:

3

I am employed in Los Angeles County, Los Angeles, California.  I am over the age of eighteen years and not a party to this action.  My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On March 22, 2019, I served the within:

4

5

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS UNDER RULE 34

6

7

on the interested parties in this action addressed as follows:

8

Alexander Rufus-Isaacs (aisaacs@rufuslaw.com)     Attorneys for Plaintiff
Rufus-Iassacs, Acland & Grantham LLP              Danelle Sandoval
232 N. Canon Drive
Beverly Hills, CA  90210
Tel:  310-274-3803; Fax:  310-860-2430

9

10

11

12

13

☒     **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

14

15

16

17

18

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 22, 2019, at Los Angeles, California.

19

20

21

_____
                    Erica K. Embray

22

323124923.1

23

24

25

26

27

28

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES