# EXHIBIT 4

**Rufus-Isaacs, Acland & Grantham LLP**

232 N. Canon Drive
Beverly Hills, CA 90210
t: 310.274.3803
www.rufuslaw.com

April 17, 2019

**VIA ELECTRONIC MAIL ONLY**

John Gatti
Lauren Fried
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd
Los Angeles, CA  90064
E-Mail: JGatti@manatt.com
LFried@mannatt.com

   Re: *Sandoval v. Warner Music  Group, Burak Yeter, Dance Paradise UK, and Connections Records*, U.S.D.C. (C.D. Cal.) Case no. 18-00867-CBM

Dear John and Lauren:

On January 15[1], we served 28 requests for production of documents. Almost 3 months have now passed, but to date, you have only produced two documents.

Your clients' responses were initially due by February 12, but I granted three requests for extensions. First I agreed to extend the deadline to March 1. Next, I agreed to extend it to March 8. You then requested a further extension to March 22 and represented to me that I would get good faith responses by that date, which I confirmed by email on March 10. Based on said representation, I agreed to that last extension.

I finally received your responses and documents on March 22. In the responses, you agreed to produce a wide range of documents, but in fact, you only produced two: a long Excel  spreadsheet statement containing what appears to be raw revenue data, and a 5-page list of compilations. No documents were produced in numerous categories for which the responses stated that documents would be produced. The regrettable conclusion is that these are not good faith responses. I had only agreed to your requests for the last extension on condition that the responses be made in good faith, and that condition has not been met. This invalidates the last extension from March 8 to

---

[1] All dates are in 2019 unless otherwise indicated.

John Gatti
April 17, 2019
Page 2

22, which means that all objections contained in the responses served on March 22 have been waived.

When I reminded you on April 9 that we had received no supplemental responses or documents, Lauren did respond, stating, "We will touch based with each other early tomorrow and get back to you then." Another eight days have passed but I have heard nothing.

Before filing a motion to compel further responses and production of additional documents in response to our Requests, we are of course obliged to a good faith effort to resolve the issues outside of court. This letter constitutes our attempt to do so.

**REQUEST FOR PRODUCTION NO. 1:** Documents (including, without limitation, statements and other accounting documents, and any summary pages) relating to all gross revenues generated by the Master Recording. (The term "document(s)" herein means the original (if available, or if not, a legible copy) of a writing, as defined in F.R.E. Rule 1001, and includes any handwriting, printing, photographs, electronically stored information, and every other means of recording letters, words, pictures, sounds, or symbols, or combinations thereof, which are in the possession, custody or control of the responding parties or their attorneys, accountants, or agents; the term "relating to" herein means referring to, alluding to, responding to, concerning, connected with, supporting, relevant to, commenting on, reflecting, in respect of, about, regarding, discussing, showing, describing, mentioning, analyzing, disclosing, evidencing, and/or constituting; and the term "Master Recording" herein means all versions of Yeter's recording of the song entitled Tuesday, featuring Danelle (aka Danella) Sandoval, including music videos thereof.)

RESPONSE: In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Interrogatory on the grounds that it (i) seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the term "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive information, the disclosure of which would damage or harm Defendants, their clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks information which is neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope. Without waiving those objections, the response states that non-privileged responsive documents in Defendants' possession, custody or control will be produced "to the extent that any exist."

John Gatti
April 17, 2019
Page 3

COMMENT: An objection must state with specificity the grounds for objecting to the request, including the reasons, but this response fails to do so,[2] and none of the boilerplate objections appears to have any merit. For example, how do you justify the objection on grounds that the request is unlimited in time when the Song was first released in 2016, creating a three year window? The relevance objection is also particularly inappropriate - this request goes to the very heart of the dispute. If you are genuinely uncertain about the terms that you claim are vague and ambiguous, please explain why.

Please provide a supplemental response without any of these objections, or if you maintain that any of them have merit, please state with specificity the grounds for each such one.

Please also state what documents, if any, have been withheld, and if any have been withheld on privilege grounds, please provide a privilege log. [3]

Despite the agreement to produce responsive documents, only two documents have been produced: a list of compilations in which the Song appears, and a 3,000+ page Excel spreadsheet. No statements, summary pages or other accounting documents have been produced, and there are undoubtedly many more responsive documents that exist in the possession, custody or control of Mr. Yeter, Connection Records and Dance Paradise which have not been produced. We demand that all such responsive documents be produced.[4]

---

[2] For each item or category, the response must state that inspection will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. [F.R.C.P. 34(b)(2)(B)].

[3] When an objection applies only to a portion of the documents requested, the responding party must identify the materials being withheld and produce the remainder. [FRCP 34(b)(2)(C); see *Aikens v. Deluxe Fin'l Services, Inc.* (D. KS 2003) 217 F.R.D. 533, 539—responding party still has duty to respond to extent request not objectionable.] Parties withholding documents as privileged should identify and describe the documents in sufficient detail to enable the demanding party "to assess the applicability of the privilege or protection." [F.R.C.P. 26(b)(5); *Ramirez v. County of Los Angeles* (CD CA 2005) 231 F.R.D. 407, 410—failure to provide sufficient information may constitute waiver of privilege].

[4] A party is obliged to produce all specified relevant and nonprivileged documents or other things that are in his or her "possession, custody, or control" on the date and place specified in the request or at some other "reasonable time" as stated in the response. [F.R.C.P. 34(a)(1), (b)(2)(B); *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.* (WD PA 1983) 576 F.Supp. 511, 512].

8627.1.3

John Gatti
April 17, 2019
Page 4

**REQUEST FOR PRODUCTION NO. 2:** All documents (including, not limited to, agreements, statements and other accounting documents) relating to synchronization rights (including but not limited to, TV, Film, DVD, Internet & Commercials) for the Master Recording.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants are not aware of any responsive documents.
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because it does not state (a) that a diligent search and reasonable inquiry has been made in an effort to locate the item requested; and (b) the reason the party is unable to comply: e.g., the document never existed; has been lost or stolen; was inadvertently destroyed; or is not in the possession, custody, or control of the responding party. Please provide a supplemental response which contains statements meeting these requirements.

**REQUEST FOR PRODUCTION NO. 3:** All documents (including, without limitation, agreements, statements and other accounting documents) relating to the use of the Master Recording on compilations.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because the list of compilations that was produced is at best only a partial response. We demand that you produce all responsive documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 4:** All documents (including, without limitation, agreements, statements and other accounting documents) relating to the use of the Master Recording for YouTube or digital services (including, but not limited to, downloads & streaming).
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because the Excel spreadsheet that was produced is at best only a partial response. We demand that you produce all responsive documents, including all responsive agreements, statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

8627.1.3

John Gatti
April 17, 2019
Page 5

**REQUEST FOR PRODUCTION NO. 5:** Documents (including, without limitation, all statements and other accounting documents) showing the gross revenues generated by the Master Recording from performing rights organizations and other collection bodies.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because the Excel spreadsheet that was produced is at best only a partial response. We demand that you produce all responsive documents, including all responsive agreements, statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1

**REQUEST FOR PRODUCTION NO. 6:** All documents (including, without limitation, agreements, communications, and statements and other accounting documents) relating to agreements relating to the Master Recording. (The term "communication(s)" herein is to be interpreted in the broadest sense possible under the law, and means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, emails, facsimiles, electronic mail, or other forms of written or oral interchange, however transmitted, including reports, notes, memoranda, lists, agenda, and other records of communications.)
RESPONSE: The response makes the same objections that were made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
.
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because even if the Excel spreadsheet that was produced is responsive, this is at best only a partial response. We demand that <u>all</u> responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 7:** All documents (including, without limitation, agreements, communications, and statements and other accounting documents) relating to agreements relating to the Master Recording in which any of the Adverse Parties is named as a party to that agreement. (The term "Adverse Parties" herein

8627.1.3

John Gatti
April 17, 2019
Page 6

means WMG, Connection, DPUK, SBA Production, LLC, Warner Music Russia, and their subsidiaries or affiliates, and Yeter.)
RESPONSE: The response makes the same objections that were made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist.".
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because even if the Excel spreadsheet that was produced is responsive, it is at best only a partial response. We demand that <u>all</u> responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 8:** All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated March 25, 2016 between Connection and DPUK.
RESPONSE: The response makes the same objections that were made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response for the reasons stated in our Comment under Request no. 1. In addition, you have objected to the term "Master Recording" as vague and ambiguous even though it does not appear in the Request. Nor have any responsive documents been produced. We demand that <u>all</u> responsive documents be produced, including all responsive communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 9:** All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated May 4, 2016 between Connection and DPUK.
RESPONSE: The response makes the same objections that were made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist.".
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1. In addition, you have objected to the term "Master Recording" as vague and ambiguous even though it does not appear in the Request. Nor have any responsive documents been produced. We demand that <u>all</u> responsive documents be produced, including all responsive communications, and statements and

8627.1.3

John Gatti
April 17, 2019
Page 7

other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 10:** All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated June 4, 2016 between Connection and DPUK.
RESPONSE: The response makes the same objections that were made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
.
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1. In addition, you have objected to the term "Master Recording" as vague and ambiguous even though it does not appear in the Request. Nor have any responsive documents been produced. We demand that all responsive documents be produced, including all responsive communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 11:** All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated June 20, 2016 between Connection and DPUK.
RESPONSE: The response makes the same objections that were made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
.
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1. In addition, you have objected to the term "Master Recording" as vague and ambiguous even though it does not appear in the Request. Nor have any responsive documents been produced. We demand that all responsive documents be produced, including all responsive communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 12:** All documents (including, without limitation, communications, and statements and other accounting documents) relating to the Exclusive Licensing Agreement dated January 11, 2017 between Connection and DPUK.
RESPONSE: The response makes the same objections that were made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all")

John Gatti
April 17, 2019
Page 8

non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1. In addition, you have objected to the term "Master Recording" as vague and ambiguous even though it does not appear in the Request. Nor have any responsive documents been produced. We demand that <u>all</u> responsive documents be produced, including all responsive communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 13:** All documents relating to any communications relating to the Master Recording passing between any of the Defendants.
RESPONSE: The response makes the same objections that were made in response to Request no. 1, and then states that (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control will be produced.
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because even if the Excel spreadsheet that was produced is responsive, it is at best only a partial response. We demand that <u>all</u> responsive communications be produced, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 14:** Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing any advances paid with respect to the Master Recording.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that <u>all</u> responsive documents be produced, including all responsive statements, summaries and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 15:** All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between Yeter and any other person relating to the Master Recording.
RESPONSE: The response consists solely of objections that are almost identical to the objections made in response to Request no. 1.
COMMENT: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We

8627.1.3

John Gatti
April 17, 2019
Page 9

demand that <u>all</u> responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 16:** All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between Connection and any other person relating to the Master Recording.
<u>RESPONSE</u>: The response consists solely of objections that are almost identical to the objections made in response to Request no. 1.
<u>COMMENT</u>: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that <u>all</u> responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 17:** All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between DPUK and any other person relating to the Master Recording.
<u>RESPONSE</u>: The response consists solely of objections that are almost identical to the objections made in response to Request no. 1.
<u>COMMENT</u>: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that <u>all</u> responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 18:** All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between WMG and any other person relating to the Master Recording.
<u>RESPONSE</u>: The response consists solely of objections that are almost identical to the objections made in response to Request no. 1.
<u>COMMENT</u>: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that <u>all</u> responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

8627.1.3

John Gatti
April 17, 2019
Page 10

**REQUEST FOR PRODUCTION NO. 19:** All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between Warner Music Russia and any other person relating to the Master Recording.
RESPONSE: The response consists solely of objections that are almost identical to the objections made in response to Request no. 1.
COMMENT: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that <u>all</u> responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 20:** All documents (including, without limitation, agreements, communications, and statements and other accounting documents) passing between SBA Production LLC and any other person relating to the Master Recording.
RESPONSE: The response consists solely of objections that are almost identical to the objections made in response to Request no. 1.
COMMENT: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that <u>all</u> responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 21:** All documents relating to the Master Recording distributed internally within WMG.
RESPONSE: The response consists solely of objections that are almost identical to the objections made in response to Request no. 1.
COMMENT: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that <u>all</u> responsive documents be produced, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 22:** Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing the total number of times that the Master Recording has been streamed.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control will be produced.

8627.1.3

John Gatti
April 17, 2019
Page 11

COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because the Excel spreadsheet that was produced is at best only a partial response. We demand that you produce all responsive documents, including all responsive statements, summaries and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 23:** Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing the total number of times that the Master Recording has been downloaded.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because the Excel spreadsheet that was produced is at best only a partial response. We demand that you produce all responsive documents, including all responsive statements, summaries and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 24:** Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing the total number of physical units embodying the Master Recording that have been sold or distributed.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because the Excel spreadsheet that was produced is at best only a partial response. We demand that you produce all responsive documents, including all responsive statements, summaries and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 25:** Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing the total number of compilations which include the Master Recording that have been sold or distributed.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting

8627.1.3

John Gatti
April 17, 2019
Page 12

the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because the compilations list and Excel spreadsheet that were produced are at best only a partial response. We demand that you produce all responsive documents, including all responsive statements, summaries and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 26:** All sales reports generated by Warner Music Group's central reporting entity for the Master Recording.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response, both for the reasons stated in our Comment under Request no. 1, and also because the Excel spreadsheet that was produced is at best only a partial response. We demand that you produce all responsive sales reports, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 27:** Documents (including, without limitation, statements and other accounting documents, and any summary pages) showing any reserves held and/or any accrued and held royalty amounts for the Master Recording.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."
COMMENT: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that all responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

**REQUEST FOR PRODUCTION NO. 28:** Any statements provided by Warner Music Russia to any artist or record company from January 1, 2015 to the present, which show a summary of an artist's or record company's earnings, and/or any advances have been recouped.
RESPONSE: The response makes objections that are almost identical to those made in response to Request no. 1, and then states that Defendants have produced (omitting

8627.1.3

John Gatti
April 17, 2019
Page 13


the word "all") non-privileged responsive documents in Defendants' possession, custody or control "to the extent they exist."

COMMENT: This is not an acceptable response for the reasons stated in our Comment under Request no. 1, and because no responsive documents have been produced. We demand that all responsive documents be produced, including all responsive agreements, communications, and statements and other accounting documents, and that you provide a supplemental response which rectifies the problems identified in our Comment under Request no. 1.

Please provide supplemental response to all of these Requests and produce all responsive documents by Tuesday April 23. Or if you wish to justify any of your objections, please let me know before that date. If you fail to do so, we will have no choice but to file a motion to compel.

Very truly yours,

RUFUS-ISAACS ACLAND &
GRANTHAM LLP

*[signature]*

Alexander Rufus-Isaacs

ARI:ari

8627.1.3