RUFUS-ISAACS ACLAND & GRANTHAM LLP
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
*aisaacs@rufuslaw.com*
PAUL SUPNIK, State Bar No. 52842
*psupnik@rufuslaw.com*
232 N. Canon Drive
Beverly Hills, California 90210
Telephone: (310) 274-3803
Facsimile: (310) 860-2430

Attorneys for Plaintiff DANELLE SANDOVAL

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

DANELLE SANDOVAL, an individual

Plaintiff,

v.

BURAK YETER, an individual; CONNECTION RECORDS, a foreign corporation; WARNER MUSIC GROUP CORPORATION, a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC., a Delaware general partnership; DANCE PARADISE UK LIMITED, a foreign corporation; and DOES 1-10, inclusive

Defendants.

CASE No. CV 18-00867-CBM (JPRx)

**DISCOVERY MATTER: PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND FOR SANCTIONS**

Date: August 1, 2019
Time: 10:00 am
Crtrm.: Courtroom 690, 6th Floor Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA, 90012
Magistrate Judge: Honorable Jean P. Rosenbluth

TO DEFENDANTS BURAK YETER, CONNECTION RECORDS, WARNER MUSIC GROUP CORPORATION, AND DANCE PARADISE UK LIMITED, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON August 1, 2019, at 10:00 am or as soon thereafter as the matter may be heard in the above-entitled Court located at Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 690, 6th Floor, plaintiff Danelle Sandoval will and hereby

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

does move this Court for an order compelling defendants Burak Yeter, Connection Records, Warner Music Group Corporation, and Dance Paradise UK Limited (collectively, "Defendants") to provide verified further responses to her first set of interrogatories. In addition, Sandoval moves for an order that Defendants pay her counsel the sum of $3,169 as the reasonable costs and attorney fees incurred in connection with this motion.

This motion is made on the grounds that Defendants' responses contain meritless objections and are ambiguous, and that Defendants have acted without justification.

Meet and Confer Discussions. The parties have met and conferred, as set forth in more detail in Section II below. Most recently, Sandoval sent Defendants a letter dated June 17, 2019, inviting them to attend an in-person conference pursuant to Local Rule 37.1, and made 2 additional requests by email. Defendants have not meaningfully responded. As a result, Sandoval was unable to prepare a joint stipulation to accompany this motion.

This motion will be based on this Notice, the Memorandum of Points and Authorities, the declaration of Alexander Rufus-Isaacs, the request for production of documents and responses, and the other exhibits which are filed herewith.

DATED: July 3, 2019

RUFUS-ISAACS ACLAND & GRANTHAM LLP

By: [signature]
Alexander Rufus-Isaacs
Attorneys for Plaintiff DANELLE SANDOVAL

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1
II. PROCEDURAL SUMMARY RE REQUESTS FOR PRODUCTION ..... 2
III. THE COURT SHOULD ORDER DEFENDANTS TO PROVIDE FURTHER RESPONSES TO INTERROGATORIES ..... 3
A. Interrogatory No. 24. ..... 3
1. The Interrogatory ..... 3
2. The Response. ..... 3
3. Further Response Is Required. ..... 4
(a) Terms Are Not Ambiguous. ..... 4
(b) Protective Order Overrides Privacy Concerns. ..... 4
(c) Irrelevance Objection Is Absurd. ..... 4
(d) Request Is Not Overbroad. ..... 4
B. Interrogatory No. 25 ..... 4
1. The Interrogatory. ..... 4
2. The Response. ..... 5
3. Further Response Is Required. ..... 5
C. Interrogatory No. 26 ..... 5
1. The Interrogatory. ..... 5
2. The Response. ..... 5
3. Further Response Is Required. ..... 5
IV. THE COURT SHOULD AWARD MONETARY SANCTIONS IN THE AMOUNT OF $3,169 AGAINST DEFENDANTS. ..... 6
V. CONCLUSION. ..... 6

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487-88 (9th Cir.1995) ....................... 6

*H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co*. (6th Cir. 1976) 536 F2d 1115, 1124-1125 ....................................................................... 6

## FEDERAL STATUTES

FRCP 37(a)(5); ....................................................................................... 6

## RULES

Local Rule 37.1 ....................................................................................... 3

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Danelle Sandoval ("Sandoval") is a Los Angeles-based singer and musician. Defendant Burak Yeter ("Yeter") is a Turkish music producer. Prior to February 2015, they did not know each other. In 2014, Sandoval made an audio-visual recording of herself singing and playing a cover version of a song called "Tuesday," ("Sandoval Recording") and posted it on her YouTube channel.

While in Los Angeles in or about February 2015, Yeter ripped the vocal track off the Sandoval Recording and placed his own backing tracks underneath it to create a new recording ("Yeter Recording"). On February 7, 2015, he contacted Sandoval and sent her the Yeter Recording. He asked if he could post it on SoundCloud, a non-commercial streaming website. She agreed if he credited her name, which he did. She never gave him permission to exploit it commercially.

The Yeter Recording was released in 2016 by Defendants[1] as *Tuesday (Featuring Danelle Sandoval)* ("Infringing Work"). It was one of the top recordings in Europe in 2016-2018, with reportedly more than 1.3 billion million streams on YouTube, Spotify and Apple Music, 27 Platinum Awards, a Number 1 hit over 70 countries on iTunes and Shazam. Defendants are profiting handsomely from this hit, but they have paid Sandoval nothing.

On February 2, 2018, Sandoval filed this lawsuit seeking to recover, inter alia, damages representing her share of the revenues from the Infringing Work. The basic

---

[1] Defendant Connection Records is controlled by Yeter. It contracted to release the Infringing Work with defendant Dance Paradise UK Limited ("DPUK"), a London-based entity run by Andre Riazanski, a Russian. It is believed that DPUK in turn contracted with Warner Music Russia (an affiliate of defendant Warner Music Group Corporation, which has handled worldwide distribution) and Sony Music Entertainment Russia.

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

facts are undisputed. Consequently, this is essentially an accounting action.

## II. PROCEDURAL SUMMARY RE REQUESTS FOR PRODUCTION

During discovery, Sandoval has sought documents and information about Defendants' commercial exploitation of the master recording of the Infringing Work ("Master Recording"), including revenues, in order to determine the amount of damages to which she is entitled. They provided some information and produced some documents, but with substantial omissions.

On January 15,[2] Sandoval propounded a set of 26 interrogatories ("Interrogatories " - Exh. 1) and a set of 28 requests for production on Defendants. Their responses were initially due by February 12, but Sandoval's counsel granted several extensions. First he agreed to extend the deadline for both sets of responses to March 1. Next, he agreed to extend it to March 8. Defendants' counsel then requested a further extension to March 22 and represented to Sandoval's counsel that he would receive good faith responses by that date. Based on that representation, he agreed. And he agreed to a final extension to March 27. (Rufus-Isaacs Declaration ("ARI Decl."), ¶3; Exh. 2).

On March 27, Defendants served their responses ("Responses") to the Interrogatories. (Exh. 3). In fact, they consisted entirely of objections. These were not the good faith responses that had been promised.

On April 12, Sandoval's counsel sent Defendants' counsel a meet and confer letter (Exh. 4).

On May 7, Defendants served supplemental responses to the Interrogatories ("Supplemental Responses" - Exh. 5).

On June 17, Sandoval's counsel sent Defendants' counsel a letter identifying the issues in dispute and requesting a date for an in-person meeting to seek to

---

[2] All dates are in 2019, unless otherwise indicated.

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

resolve those issues, as required by Local Rule 37.1. (Exh. 6). Defendants' counsel requested a telephone conversation which took place on June 18. Some of the issues in the June 17 letter were discussed, but most were not. (Exh. 7). (ARI Decl., ¶9.)

Sandoval's counsel sent Defendants' counsel follow-up emails on June 21 and June 26, asking for dates for an in-person meeting, and warning that a motion to compel would be filed if no dates were provided. (Exh. 8). Defendants' counsel did not respond. (ARI Decl., ¶10.)

## III. THE COURT SHOULD ORDER DEFENDANTS TO PROVIDE FURTHER RESPONSES TO INTERROGATORIES

### A. Interrogatory No. 24.

#### 1. The Interrogatory .

Please identify every affiliate of WMG that has received or been paid compensation relating to the Master Recording.[3]

#### 2. The Response.

In addition to its General Objections, which are incorporated into this In addition to its General Objections, which are incorporated into this response as though fully set forth herein, Defendants specifically object to this Interrogatory on the grounds that it (i) seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "affiliate," "compensation," and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive information, the disclosure of which would damage or harm Defendants, their clients, or related persons or

[3] The term "Master Recording" is defined as "all versions of Yeter's recording of the song entitled Tuesday, featuring Danelle (aka Danella) Sandoval, including music videos thereof."

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

entities; (iv) is overly broad and unduly burdensome; (v) seeks information which is neither relevant to any party's claims or defense, nor proportional to the needs of the case; and (vi) is not limited in time and scope. .

**3. Further Response Is Required.**

**(a) Terms Are Not Ambiguous.**

"Affiliate" and "compensation" are commonly used and understood terms. And "Master Recording" is a defined term (see footnote 3 above). None of these terms are vague, ambiguous or overbroad. In the April 12 letter, Sandoval stated "if you are genuinely uncertain about the terms that you claim are vague and ambiguous, please explain why." Defendants have not provided any explanation of their objections.

**(b) Protective Order Overrides Privacy Concerns.**

The parties stipulated to a Protective Order which was entered by the Court on March 7. Because this enables Defendants to designate information as Confidential, thereby restricting its use, their privacy objection has no merit.

**(c) Irrelevance Objection Is Absurd.**

The irrelevance objection is particularly inappropriate. This Interrogatory is relevant to the dispute because it will reveal which Warner Music entities received money from the Master Recording. This may lead to them being named as defendants or may provide another source for discovery.

**(d) Request Is Not Overbroad.**

The Interrogatory is not overbroad as to time - the Infringing Work was first released in 2016, which means that the relevant period is only three years. Defendants do not explain why they believe it is overly burdensome.

Defendants did not provide a supplemental response to this interrogatory.

**B. <u>Interrogatory No. 25 .</u>**

**1. The Interrogatory.**

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

For every affiliate of WMG that has received or been paid compensation relating to the Master Recording, please describe how that affiliate has commercially exploited the Master Recording

**2. The Response.**

The response makes objections that are almost identical to those made in the response to Interrogatory No. 24.

**3. Further Response Is Required.**

The objections are meritless for the reasons stated above with respect to Interrogatory No. 24. Defendants did not provide a supplemental response to this interrogatory.

**C. Interrogatory No. 26 .**

**1. The Interrogatory.**

Please describe (by stating the territory in question, and the date of the award) every gold or platinum award given to the Master Recording.

**2. The Response.**

The response contains objections on the grounds that it (i) seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine; (ii) is vague, ambiguous and/or overbroad as to the terms "gold or platinum award" and "Master Recording,"; (iii) seeks the production of private or confidential business, financial, proprietary, trade secret, or other sensitive information, the disclosure of which would damage or harm Defendants, their clients, or related persons or entities; (iv) is overly broad and unduly burdensome; (v) seeks information which is neither relevant to any party's claims or defense, nor proportional to the needs of the case; (vi) is not limited in time and scope; (vii) seeks information that is equally available to Sandoval from public sources.."

**3. Further Response Is Required.**

The objections are meritless for the reasons stated above with respect to

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

Interrogatory No. 24. Defendants did not provide a supplemental response to this interrogatory.

**IV. <u>THE COURT SHOULD AWARD MONETARY SANCTIONS IN THE AMOUNT OF $3,169 AGAINST DEFENDANTS.</u>**

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust). [FRCP 37(a)(5); *H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co*. (6th Cir. 1976) 536 F2d 1115, 1124-1125].

Sandoval's counsel is representing their client on a contingency-fee basis. Such clients are not precluded from receiving monetary awards. [*Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487-88 (9th Cir.1995) (removal statute permitting recovery of "actual expenses ... incurred" does not preclude recovery by contingency fee litigant).] Sandoval seeks an award of $3,169 in sanctions jointly and severally against Defendants.(ARI Decl., ¶11.)

**V. <u>CONCLUSION.</u>**

For the reasons set forth above, Sandoval respectfully requests that the Court order Defendants, within 14 days, to provide verified further responses to these Interrogatories and to pay sanctions in the amount of $... as the reasonable costs and attorney fees incurred in connection with this proceeding.

DATED: July 3, 2019

RUFUS-ISAACS ACLAND & GRANTHAM LLP

By: ______________________
Alexander Rufus-Isaacs
Attorneys for Plaintiff DANELLE SANDOVAL

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 232 N. Canon Drive, Beverly Hills, California 90210.

On July 3, 2019, I served true copies of the following document(s) described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES** on the interested parties in this action as follows:

John M. Gatti
Lauren Fried
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064 1614
E-mail: jgatti@manatt.com
Email: lfried@manatt.com

Attorneys for Defendants Warner Music Group Corporation, Burak Yeter, Connection Records, and Dance Paradise UK Limited

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 3, 2019, at Beverly Hills, California.

Alexander Rufus-Isaacs