RUFUS-ISAACS ACLAND & GRANTHAM LLP
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
  *aisaacs@rufuslaw.com*
PAUL SUPNIK, State Bar No. 52842
  *psupnik@rufuslaw.com*
232 N. Canon Drive
Beverly Hills, California 90210
Telephone: (310) 274-3803
Facsimile: (310) 860-2430

Attorneys for Plaintiff DANELLE SANDOVAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANELLE SANDOVAL, an individual<br><br>Plaintiff,<br><br>v.<br><br>BURAK YETER, an individual; CONNECTION RECORDS, a foreign corporation; WARNER MUSIC GROUP CORPORATION, a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC., a Delaware general partnership; DANCE PARADISE UK LIMITED, a foreign corporation; and DOES 1-10, inclusive<br><br>Defendants. | CASE No. CV 18-00867-CBM (JPRx)<br>**DISCOVERY MATTER:**<br>**DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES**<br><br>Date: August 1, 2019<br>Time: 10:00 am<br>Crtrm.: Courtroom 690, 6th Floor<br>       Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA 90012<br>Magistrate Judge: Honorable Jean P. Rosenbluth |

I, Alexander Rufus-Isaacs, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Rufus-Isaacs Acland & Grantham LLP, attorneys of record for Plaintiff Danelle Sandoval. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On January 15,[1] I caused to be served on defendants Burak Yeter, Connection Records, Warner Music Group Corporation, and Dance Paradise UK Limited (collectively, "Defendants") a first set of Interrogatories ("Interrogatories") and a first set of requests for production of documents. A true and correct copy of the Requests is attached hereto as Exhibit 1.

3. Defendants' responses were initially due by February 12, but I granted Defendants several requests for extensions. First, I agreed to extend the deadline to March 1. Next, I agreed to extend it to March 8. Defendants' counsel then requested a further extension to March 22 and represented to me that I would receive good faith responses by that date. Based on that representation, I agreed to the extension. I also agreed to a final extension until March 27. A true and correct copy of the emails containing these conversations is attached hereto as Exhibit 2 and incorporated herein.

4. On March 27, I received Defendants' responses ("Responses") to the Interrogatories. A true and correct copy of the Responses is attached hereto as Exhibit 3 and incorporated herein.

5. On April 12, I wrote a letter to Defendants' counsel regarding the inadequacies in the Responses, in a good faith attempt to resolve the disputes identified in that letter. A true and correct copy of the letter is attached hereto as Exhibit 4 and incorporated herein. Defendants' counsel did not respond to this letter.

6. On May 7, I received Defendants' supplemental responses ("Supplemental Responses") to the Interrogatories. A true and correct copy of the Supplemental Responses is attached hereto as Exhibit 5 and incorporated herein.

7. Defendants have never served Supplemental Responses to Interrogatories nos. 24, 25 or 26..

---

[1] All dates are in 2019.

8627.3.20A

2

DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES

8. On June 17, 2019, I sent Defendants' counsel a letter identifying the issues remaining in dispute and requesting a date for an in-person meeting to seek to resolve those issues pursuant to L. R. 37.1. A true and correct copy of that letter is attached hereto as Exhibit 6 and incorporated herein.

9. Defendants' counsel emailed me to set up a telephone conversation which was held on June 18. We discussed a few of the discovery issues in the June 17 letter (we also discussed settlement/mediation issues). For example, Defendants' counsel claimed not to have any more responsive documents, and asked why I believed they had any. I said I would send them an email with some examples, which I did, on a "without limitation" basis on June 18. A true and correct copy of emails containing these conversations is attached hereto as Exhibit 7 and incorporated herein. They did not respond.

10. I sent Defendants' counsel follow-up emails on June 21 and June 26, asking for dates for an in-person meeting, and warning that a motion to compel would be filed if no dates were provided. A true and correct copy of these emails is attached hereto as Exhibit 8 and incorporated herein. Defendants' counsel did not respond.

11. My firm represents Ms. Sandoval under a contingency fee arrangement. My regular hourly rate is $450. Attached hereto marked as Exhibit 9 and incorporated herein is a true and correct copy of a printout from TSheets, a software program I use to keep track of my time for billing purposes. This printout shows the time I have spent attempting to resolve the issues set forth in this motion and the accompanying motion to compel Defendants to provide further responses to the Interrogatories, and in preparing these two motions. In addition, I estimate that I will spend five hours preparing the Replies and a further three hours attending court for the hearings. This totals 27.22 hours. In addition, I estimate that I will spend five hours preparing the Replies and a further three hours attending court for the

hearings, for a total of 35.22 hours. At my regular hourly rate, this would amount to $15,849. I believe that it is fair to apportion the time between the two motions to compel on a 20/80 basis (20 being this motion which has involved much less work). Consequently, a reasonable estimate of the total fees incurred by my office with respect to this motion is $3,169.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 3, 2019, at Beverly Hills, California.

_____
Alexander Rufus-Isaacs

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 232 N. Canon Drive, Beverly Hills, California 90210.

On July 3, 2019, I served true copies of the following document(s) described as **DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES** on the interested parties in this action as follows:

John M. Gatti
Lauren Fried
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064 1614
E-mail: jgatti@manatt.com
Email: lfried@manatt.com

<u>Attorneys for Defendants Warner Music Group Corporation, Burak Yeter, Connection Records, and Dance Paradise UK Limited</u>

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 3, 2019, at Beverly Hills, California.

_____
Alexander Rufus-Isaacs

8627.3.20A

DECLARATION OF ALEXANDER RUFUS-ISAACS IN SUPPORT OF SANDOVAL'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES