UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 18-0867-CBM (JPRx)**                                        Date: **July 29, 2019**
Title: **Sandoval v. Yeter et al.**
=================================================================
**DOCKET ENTRY: Order Granting in Part Plaintiff's Motions to Compel**
=================================================================
PRESENT:

**HON. JEAN P. ROSENBLUTH, MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:            ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                                          None present

**PROCEEDINGS: (IN CHAMBERS)**

　　On July 3, 2019, Plaintiff filed two separate motions to compel, each with a declaration attesting that counsel was unable to file a joint stipulation because opposing counsel had failed to meet and confer as required by Local Rule 37-1. Plaintiff requested monetary sanctions based on Defendants' failure to comply with the local rules. On July 11, Defendants opposed, contending that in fact Plaintiff had not complied with Rule 37 and asking the Court to strike the two motions. Plaintiff filed a joint reply on July 17. For the reasons discussed below, Plaintiff's motions to compel are GRANTED in part, further briefing is requested on her request for sanctions, and the hearing set for August 1 is ORDERED OFF CALENDAR.

　　Local Rule 37-1 requires that any party seeking to file a motion to compel must first meet and confer with opposing counsel. Further,

> [i]t shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else.

C.D. Cal. R. 37-1. Both counsel in this case have their office in Los Angeles County; indeed, they are quite close to each other, about four miles apart. Plaintiff's counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.:  **CV 18-0867-CBM (JPR)** | July 29, 2019 |
| **Sandoval v. Yeter et al.** | Page 2 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

asked to set up an "in-person" meet and confer (Rufus-Isaacs Decl. ¶ 8 & Ex. 6), and Defendants' counsel responded by offering only to confer over the phone (Gatti Decl. ¶ 3). Defendants complain that during that phone discussion Plaintiff's counsel was not prepared to address many of the discovery disputes (see Opp'n at 3-4; Gatti Decl. ¶¶ 4-6), but he was not required to be; the Local Rules require an in-person meet and confer, and twice after the phone conference Plaintiff's counsel wrote to again try to set a date for it and received no response (Rufus-Isaacs Decl. ¶ 10 & Ex. 8).

This Court's procedures on its website mandate "[s]trict compliance with Local Rule 37." If Defendants' counsel didn't want to meet and confer in person, they were required to obtain the Court's permission not to. See C.D. Cal. R. 37-1. They did not. Nor would it likely have been granted given the close proximity of counsel. Local Rule 37-2.4 allows a party to file a regular motion rather than a joint stipulation in three circumstances, including when "opposing counsel . . . failed to confer in a timely manner in accordance with L.R. 37-1." Because Local Rule 37-1 required an in-person meet-and-confer and Defendants repeatedly ignored Plaintiff's requests to set one, Defendants, not Plaintiff, did not comply with Local Rule 37. See, e.g., MacRae v. HCR Manor Care Servs., LLC, No. SACV 14-0715-DOC (RNBx), 2015 WL 12658482, at *1 (C.D. Cal. Jan. 8, 2015) (denying motion to compel because moving party did not comply with in-person meet-and-confer requirement of Local Rules).

Defendants' pleadings hardly address the merits of Plaintiff's motions, specifically discussing only one of the three interrogatories as to which Plaintiff moved and none of the requests for production. Because Plaintiff's motions complied with Local Rule 37, Defendants have forfeited the right to oppose on the merits. See, e.g., Oliva v. Cox Commc'ns. Las Vegas, Inc., No. 2:18-cv-01718-RFB-NJK, 2018 WL 6171780, at *3 n.6 (D. Nev. Nov. 26, 2018) (finding that objections not raised in opposition to motion to compel are waived). As to the one interrogatory Defendants did address, number 26, they state that they "did not track this information . . . and as a result it could not be provided." (Opp'n at 6.) That does not speak to whether the information is nonetheless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **CV 18-0867-CBM (JPR)** | July 29, 2019 |
| | <u>Sandoval v. Yeter et al.</u> | Page 3 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

within their custody or control. But in any event, if an answer is truly unobtainable, they simply had to state that in their response to the interrogatory, which they have not done.

For all these reasons, Plaintiff's motions to compel are GRANTED. Defendants must produce the discovery at issue in the two motions no later than 10 days from the date of this order.

Defendants have not specifically responded to Plaintiff's request for sanctions other than to argue that none were warranted because of Plaintiff's alleged failure to comply with the Local Rules, an argument the Court has herein rejected. Federal Rule of Civil Procedure 37(a)(5)(A) requires that when a discovery motion is granted, the court "must" order the opposing party or counsel to pay "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Accordingly, sanctions are warranted. No later than seven days from the date of this order, Defendants may file objections to any of the specific expenses counsel has claimed in Exhibit 9 to both of Plaintiff's motions. The sanctions issue will then stand submitted for decision.

cc: Judge Marshall